[No. 46185.   En Banc.   September 27, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES WILLIAM McINTYRE, *Petitioner.*

---

*Raymond H. Thoenig,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Gordon S. Jones, Deputy,* for respondent.

WRIGHT, J.—Petitioner, James William McIntyre, was confronted outside of his apartment by two Kent police officers at about 1:30 a.m. on December 5, 1978. The officers were investigating the alleged statutory rape of a 13–year–old girl October 31, 1978. They asked McIntyre to go to the police station, which he did in his own vehicle. It was stipulated and also found by the trial court that McIntyre at that time was not given a choice—he was not free to decline to go to the police station.

At the station McIntyre was searched, a suspect information form was completed and he was interrogated until his 4:30 a.m. release. He was not photographed or finger-printed.

Three weeks later, on December 26, 1978, a report was mailed by the Kent police to the prosecuting attorney's office. More than a month later, on January 31, 1979, an

information was filed in Superior Court charging McIntyre with second–degree statutory rape.

Arraignment was scheduled for February 8, 1979, but no notice was given petitioner due to errors in the office of the prosecuting attorney. Notices were mailed to the wrong address although that office had the correct address. Arraignment was rescheduled for March 6, 1979, at which time McIntyre appeared and pleaded "not guilty".

On March 13, 1979, the court set March 21, 1979, as the trial date. On March 19, 1979, McIntyre appeared through counsel and moved for dismissal on the ground the time under CrR 3.3 started to run 10 days after his December 5, 1978, arrest. Therefore, McIntyre argued, he was entitled to a dismissal with prejudice. On April 18, 1979, the trial court denied the motion to dismiss. The Chief Justice subsequently granted discretionary review.

■ This case involves only the application and interpretation of a rule adopted by this court. In oral argument counsel implied that this court, as the author of the rule, need not adhere to the principles of statutory construction. We disagree. To ignore those principles would contravene the rule recently announced in *State ex rel. Schillberg v. Everett Dist. Justice Ct.*, 90 Wn.2d 794, 585 P.2d 1177 (1978), where we said at page 797:

> As the author of these rules, this court, of course, is in a position to reveal the actual meaning which was sought to be conveyed. However, we approach them as though they had been drafted by the legislature, and give the words their ordinary meaning, reading the language as a whole and seeking to give effect to all of it.

■ One of the rules of statutory construction is that language which is clear upon its face does not require or permit any construction. We have said several times: "Where there is no ambiguity in a statute, there is nothing for this court to interpret." *State v. Roth*, 78 Wn.2d 711,

714, 479 P.2d 55 (1971); *State ex rel. Hagan v. Chinook Hotel, Inc.*, 65 Wn.2d 573, 578, 399 P.2d 8 (1965); *In re Estate of Baker*, 49 Wn.2d 609, 610, 304 P.2d 1051 (1956).

▉ The language of CrR 3.3, as last amended November 17, 1978, is clear. CrR 3.3(b)(1) provides:

The time limits set forth in subsections (b)(2) and (b)(3) shall commence to run from the date: (a) of the order binding the defendant over to the superior court following a preliminary hearing pursuant to JCrR 2.03 or (b) *of the tenth day following the defendant's arrest in the event a preliminary hearing is not held or the charge is initially filed in the superior court.*

(Italics ours.) Under that rule the time is calculated from 10 days after arrest. It was stipulated and was found by the trial court that the December 5, 1978, incident was an "arrest", as the term is defined in *State v. Byers*, 88 Wn.2d 1, 559 P.2d 1334 (1977).

"Arrest" has been defined in *State v. Byers, supra* at 6, as follows: "Appellants were under arrest from the moment they were not, and knew they were not, free to go."

Another, but not inconsistent, view of "arrest" is found in *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968) where it was said at page 26:

An arrest is the initial stage of a criminal prosecution. It is intended to vindicate society's interest in having its laws obeyed, and it is inevitably accompanied by future interference with the individual's freedom of movement, whether or not trial or conviction ultimately follows.

The result reached here differs from *State v. Elizondo*, 85 Wn.2d 935, 540 P.2d 1370 (1975) and *State v. Parmele*, 87 Wn.2d 139, 550 P.2d 536 (1976). Those cases were decided under the former rule which read: "A criminal charge shall be brought to trial within 90 days following the preliminary appearance." CrR 3.3(b). The difference between the former and present rules is obvious.

For the reasons stated the judgment of the trial court is reversed.

UTTER, C.J., ROSELLINI, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., and JACQUES, J. Pro Tem., concur.