[No. 46792.   En Banc.   August 21, 1980.]

THE STATE OF WASHINGTON, *Appellant,* v. THOMAS EUGENE EDWARDS, *Respondent.*

Norm Maleng, Prosecuting Attorney, and Gordon S. Jones and Mark P. Worcester, Deputies, for appellant.

Anthony J. Meyers, for respondent.

Raymond H. Thoenig, amicus curiae.

HOROWITZ, J.—This case concerns the State's appeal from the dismissal of a criminal prosecution that was brought to trial 197 days after the defendant's arrest. We affirm the dismissal for violation of CrR 3.3.

I

Defendant Thomas Eugene Edwards was arrested on July 19, 1979, on suspicion of robbery, rape, and kidnapping. He was released from the Seattle District Court preliminary appearance calendar on July 27, 1979.[1]

---

[1]Defendant remained jailed as a possible parole violator pursuant to an "Order of Parole Suspension, Arrest and Detention" issued by his parole officer. The time for speedy trial is calculated as though he had been freed because he was no longer being held on the crimes for which he had been arrested and with which he was later formally charged. The defendant has not suggested that the more stringent time requirement of CrR 3.3(b)(2), which apply to a defendant "unable to obtain pretrial release," should apply in this case.

A complaint charging the defendant with rape and promoting prostitution was filed in Seattle District Court on November 20, 1979. The complaint was based on the same acts for which defendant had been arrested July 19, 124 days earlier.

A preliminary hearing was held December 12, 1979, 146 days after defendant's arrest, and the cause was bound over to King County Superior Court. The defendant argued that the prosecution had violated the speedy trial rule and moved for dismissal in district court, but the motion was denied and the defendant was instructed to renew the objection in Superior Court. An information based on the "bindover" was filed in Superior Court December 14, 1979.

Defendant was arraigned in Superior Court on December 17, 1979, and trial was set for February 1, 1980, only 51 days after the bindover from district court, but 197 days after defendant's initial arrest on the facts forming the basis for the charges.

On defendant's motion, the King County Superior Court dismissed the prosecution for violation of CrR 3.3 because trial was to take place more than 100 days after defendant's arrest. The State's petition for direct review of the dismissal in the Superior Court was granted April 3, 1980.

The sole issue raised by this appeal concerns the event from which the time for trial under CrR 3.3 should run in this case. This case considers whether the possibility of timely trial irrevocably "expires" if a preliminary hearing is not held within 100 days of defendant's arrest or whether the institution of charges in district court can "revive" charges that would *not* be timely if originally filed in superior court.

## II

CrR 3.3(b), the speedy trial rule, provides:

(3) A defendant who is released from custody shall be brought to trial within 90 days of the applicable event set forth in subsection (b)(1).

The "applicable events" are established by CrR 3.3(b)(1):

(1) The time limits . . . shall commence to run from the date: (a) of the order binding the defendant over to the superior court following a preliminary hearing pursuant to JCrR 2.03 or (b) of the tenth day following the defendant's arrest in the event a preliminary hearing is not held or the charge is initially filed in the superior court.

The appellant State argues that the clear language of CrR 3.3(b)(1)(a) does not suggest that it is tied to the time limits of CrR 3.3(b)(1)(b). Section (b)(1)(a) states only that the time limits run from "the order binding the defendant over . . . following a preliminary hearing". The State contends that no ambiguity in the rule suggests the bindover must occur within the time limits of CrR 3.3(b)(1)(b), citing *State v. McIntyre* for the proposition that "'[w]here there is no ambiguity in a [court rule], there is nothing for this court to interpret.'" *State v. McIntyre,* 92 Wn.2d 620, 622, 600 P.2d 1009 (1979).

Although we agree that the rule in this instance presents no ambiguities, we point out that *State v. McIntyre* also noted that "the time [for speedy trial] is calculated from 10 days after arrest." *State v. McIntyre, supra* at 623. As shall be seen below, because the rule anticipates that the time "shall *commence to run*" from the *first* event that occurs, the defendant's arrest in this case triggered application of the rule.

CrR 3.3 does not provide for more than one "commencement" of the time limits for speedy trial; once the first time limit is passed, mandatory dismissal under CrR 3.3(i) prevents recommencement of the time limits from the occurrence of a *second* triggering event. For instance, in this case, when the possibility of timely trial under the time limit that began to run upon arrest was exhausted, the rule was violated. The penalty was dismissal of the action. "A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice." CrR 3.3(i). Thus, dismissal was compelled because the time limit running from

the "applicable event" of arrest pursuant to CrR 3.3(b)-(1)(b) had already expired.

Bindover after preliminary hearing before the arrest time limits have run would serve to *postpone* untimeliness. However, it cannot revive a prosecution subject to dismissal because an earlier time limit has passed. The language of CrR 3.3(b)(1)(b) *must* require that any preliminary hearing be held before expiration of the arrest time limits. After exhaustion of that time no trial could be had under the rule; CrR 3.3(i) requires dismissal for the violation of the earlier time limits which began to run upon arrest.

### III

The State argues, however, that this analysis of the rule cannot be adopted because it violates the constitution and interferes with the prosecutor's discretion in charging.

■■ The State first contends that interpretation of the rules in a manner which would require dismissal infringes on the legislative function by creating a substantive "statute of limitations." This is not true. The time limits are triggered by the *State's* actions and are not an attempt to limit the time for prosecution of a specific crime. The State need neither arrest nor charge; only by beginning an action does it invoke the provisions of CrR 3.3.

The use of speedy trial rules is well established and promulgation of procedural rules is part of the court's inherent powers. *State v. Smith,* 84 Wn.2d 498, 501, 527 P.2d 674 (1974). The State's assertion that CrR 3.3 grants rights "extending far beyond a constitutional speedy trial right" does not mean the rule violates protected rights of the State to prosecute; CrR 3.3 is clearly within the power and necessary to the operation of the courts. The State cites no authority to the contrary and we find its argument unpersuasive.

Next, the State cites the United States Supreme Court's decision in *United States v. Lovasco,* 431 U.S. 783, 52 L. Ed. 2d 752, 97 S. Ct. 2044 (1977). In *Lovasco,* the Supreme Court declared that the federal constitution did not require

dismissal of charges brought long after the State had obtained evidence sufficient to prove guilt. Justice Marshall wrote for the majority that the court "would be most reluctant to adopt a rule [requiring dismissal] absent a clear constitutional command to do so." *United States v. Lovasco, supra* at 795.

The State argues that CrR 3.3 should not be used to thwart prosecutorial discretion by requiring that the charging decision be made within a set time of arrest because *Lovasco* held that such a requirement is not constitutionally mandated. The State's reliance on *Lovasco* is misplaced. Its contention goes more to the reasons for not adopting a rule such as CrR 3.3 than to the rule's application in the instant case. Although the time for trial under the constitutional speedy trial rule is determined on a case-by-case basis, this court has adopted a special court rule requiring dismissal when certain time limits are not met in order to provide a degree of specificity not provided by that case-by-case analysis. The State must act not only in conformity with the provisions of the constitution, but also within the strictures of CrR 3.3.

The State further argues, however, that the prosecutor cannot be limited in his discretion regarding the time of charging by the police decision to arrest. If this were true then the time for trial would *never* run from arrest, as it does under CrR 3.3(b)(1)(b). This court affirmed that the time for trial runs from arrest in *State v. McIntyre, supra.* It must be noted that the prosecutor is often bound by police decisions with regard to arrest, search, and seizure. The State's case against the defendant must always proceed in light of a police officer's initial decision to arrest an individual because he has probable cause to believe the defendant has committed a crime.

In addition, the prosecutor's decision to submit to a preliminary hearing by filing in district court is not such a burden as to require that the time for trial run from the defendant's bindover to superior court in the case of a defendant who was arrested more than 100 days before the

preliminary hearing. A preliminary hearing can be held in district court "[w]hen a felony complaint is filed . . . to determine whether there is probable cause to believe that the defendant has committed a felony." JCrR 2.03(d)(1). This hearing merely gives the State an opportunity to test its proof before trial and has no independent significance if the defendant was arrested earlier.

The probable cause question considered at the preliminary hearing has already been addressed if the defendant was arrested. In order to justify the arrest, the police officer must have probable cause to believe the suspect has committed a crime. If he does not, evidence arising from the arrest cannot be used against the defendant. *State v. Byers,* 88 Wn.2d 1, 7, 559 P.2d 1334 (1977). The district court preliminary hearing is simply not a sufficient burden on the State to justify revival of the CrR 3.3 time limits once the period for timely trial after arrest has expired.

Finally, the State contends that, if the time limit does not recommence to run at the preliminary hearing, prosecutors will subvert the rule by filing and then dismissing charges in superior court, thus taking advantage of the exclusion of time between dismissal and refiling from the calculation of the time for speedy trial. CrR 3.3(e)(4). Such subversion seems unlikely. Dismissal is only allowed at the court's discretion and the prosecutor must supply sufficient reasons for dismissal. CrR 8.3(a). An attempt to avoid the speedy trial rule would be an inappropriate reason for dismissal. *See State v. Striker,* 87 Wn.2d 870, 877, 557 P.2d 847 (1976). If a legitimate reason for delay exists, a continuance can be granted and will toll the time limits. CrR 3.3(e)(3), (f).[2] Otherwise, this method of avoiding the effect of CrR 3.3 seems closed to the State.

---

[2]The prosecutor asserted at oral argument that King County Superior Court judges would not grant continuances, thus foreclosing this possibility for delaying trial without running afoul of CrR 3.3. CrR 3.3(f)(2) provides that continuances may be granted "[o]n motion of the state . . . when required in the due administration of justice and the defendant will not be substantially prejudiced in the

We are more concerned with the already apparent results of the State's interpretation of the preliminary hearing provisions of CrR 3.3. Under this analysis, as practiced in King County, the prosecution can avoid the arrest provision of CrR 3.3 simply by always filing in district court first. This is true even though "[t]he transfer, or binding over to superior court, is a formal procedure and is without importance because regardless of what is done by the magistrate, the prosecuting attorney can file an information in superior court". *State v. Passafero,* 79 Wn.2d 495, 497, 487 P.2d 774 (1971).

█ The rules of criminal procedure were promulgated and are to be "construed to secure simplicity in procedure, fairness in administration, effective justice, and the elimination of unjustifiable expense and delay." CrR 1.2. For this reason use of the preliminary hearing proceeding in the manner proposed by the State is improper. The rule urged by the State might allow the prosecution to make more studied decisions regarding the charging of crimes. However, it would also violate the spirit of the criminal rules in general and of the speedy trial rule in particular, contrary to a principle that has been scrupulously adhered to by this court.

In *State v. Striker, supra* at 876–77, this court stated:

A speedy trial in criminal cases is not only a personal right protected by the federal and state constitutions . . . it is also an objective in which the public has an important interest.

. . .

. . . past experience has shown that unless a strict rule is applied, the right to a speedy trial as well as the integrity of the judicial process, cannot be effectively preserved.

---

presentation of his defense." The granting of a continuance is within the trial court's discretion. *State v. Eller,* 84 Wn.2d 90, 524 P.2d 242 (1974). However, if legitimate reasons for delay exist, failure to grant the State's motion for continuance might constitute a reviewable abuse of discretion. RAP 6.2, 2.1, 2.2(b)(1).

This court has consistently interpreted CrR 3.3 so as to resolve ambiguities in a manner which supports the purpose of the rule in providing a *prompt* trial for the defendant once prosecution is initiated. *State ex rel. McDonald v. Whatcom County District Court,* 92 Wn.2d 35, 593 P.2d 546 (1979); *State v. (1972) Dan J. Evans Campaign Comm.,* 86 Wn.2d 503, 546 P.2d 75 (1976); *State v. McIntyre,* 92 Wn.2d 620, 600 P.2d 1009 (1979); *State v. Alexus,* 91 Wn.2d 492, 588 P.2d 1171 (1979); *State v. Peterson,* 90 Wn.2d 423, 585 P.2d 66 (1978); *State v. Sulgrove,* 19 Wn. App. 860, 578 P.2d 74 (1978); *State v. McNeil,* 20 Wn. App. 527, 582 P.2d 524 (1978). *See State v. Striker, supra.*

The trial court's dismissal was proper. The time for timely trial in this case expired 100 days after the defendant's arrest. CrR 3.3(b)(1)(b). Timeliness could not be revived by thereafter filing the cause in district court rather than superior court.

Affirmed.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.

Reconsideration denied November 3, 1980.