[No. 8790–8–I.   Division One.   November 2, 1981.]

THE STATE OF WASHINGTON, *Respondent*, v. JUDY
LEE FRY, *Appellant.*

*Lewis Nomura, Ronald Kessler,* and *Rosemary Bordle-may* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Carol Hepburn, Deputy,* for respondent.

CALLOW, J.—Judy Lee Fry appeals from a conviction under RCW 9A.56.040—second degree theft. She argues that her right to a speedy trial under CrR 3.3(b) was violated because neither the preliminary hearing nor a trial were held within 100 days of her arrest.

We assume for purposes of the following discussion that the arrest occurred on August 27. The pertinent dates are as follows:

| Date | Event | Days from Arrest |
|------|-------|------------------|
| August 27, 1979 | Alleged arrest (later released) | 0 |
| November 28, 1979 | Complaint filed in District Court | 93 |
| [December 5, 1979] | | |
| December 21, 1979 | Arraignment in District Court | 116 |
| December 28, 1979 | Preliminary hearing in District Court | 123 |
| January 4, 1980 | Bindover to Superior Court | 130 |
| January 10, 1980 | Information filed in Superior Court | 136 |
| January 11, 1980 | Arraignment in Superior Court | 137 |
| February 29, 1980 | Hearing on Motion To Dismiss | 186 |
| March 19, 1980 | Trial date | 205 |

The criminal rules for superior court in effect at the time of these events provided: "A defendant who is released from custody shall be brought to trial within 90 days of the applicable event set forth in subsection (b)(1)." CrR 3.3(b)(3). CrR 3.3(b)(1) provided:

The time limits set forth in subsections (b)(2) and (b)(3) shall commence to run from the date: (a) *of the order binding the defendant over to the superior court* following a preliminary hearing pursuant to JCrR 2.03 or (b) of the tenth day following the defendant's arrest in the event a preliminary hearing is not held or the charge is initially filed in the superior court.

(Italics ours.) The trial court concluded as a matter of law:

1. That the time period between the date of bind over to Superior Court and date of trial is well within the 90 day period allowed for an out–of–custody defendant, pursuant to CrR 3.3(b)(1)(a).

. . .

3. That CrR 3.3 has not been violated.

The trial court concluded that the "applicable event" set forth in CrR 3.3(b)(1) was the date Fry was bound over to superior court, January 4, 1980. Trial was scheduled for March 19, 1980, well within the 90 days.

*State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980), concerning the right to a speedy trial must be considered. The procedural facts and the timetable in *Edwards* were similar to the case at bar. Therein, the defendant Edwards' preliminary hearing in district court was held 146 days after he had been arrested, but the trial had been scheduled to begin within 90 days after he was bound over to superior court. The court was required to determine what event triggered the running of the speedy trial limits under CrR 3.3(b)(1). The court held that Edwards' arrest triggered the rule's application, not the bindover, "because the rule anticipates that the time 'shall *commence to run*' from the *first* event that occurs". *Edwards,* at 211. The court explained:

CrR 3.3 does not provide for more than one "commencement" of the time limits for speedy trial; once the first time limit is passed, mandatory dismissal under CrR 3.3(i) prevents recommencement of the time limits from the occurrence of a *second* triggering event. For instance, in this case, when the possibility of timely trial under the time limit that began to run upon arrest was exhausted, the rule was violated. The penalty was dismissal of the

action. "A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice." CrR 3.3(i). Thus, dismissal was compelled because the time limit running from the "applicable event" of arrest pursuant to CrR 3.3(b)(1)(b) had already expired.

Bindover after preliminary hearing before the arrest time limits have run would serve to *postpone* untimeliness. However, it cannot revive a prosecution subject to dismissal because an earlier time limit has passed. The language of CrR 3.3(b)(1)(b) *must* require that any preliminary hearing be held before expiration of the arrest time limits. After exhaustion of that time no trial could be had under the rule; CrR 3.3(i) requires dismissal for the violation of the earlier time limits which began to run upon arrest.

*Edwards,* at 211–12.

The State argues that Fry waived the right to complain of a violation of CrR 3.3 because she did not raise her objection to the trial date within 10 days of her arraignment in superior court, when the trial date was set. *See* CrR 3.3(d)(1). By January 11, 1980, the date of arraignment, the time for a speedy trial had passed. CrR 3.3(d)(1) requires that an objection to the trial date be raised within 10 days after the defendant receives notice of the trial date. Here, however, objection was made to the failure to have a preliminary hearing within 100 days, as well as to the trial date. The rules did not set a time limit for objecting to the preliminary hearing. Fry's objection was made well in advance of the trial date, which is sufficient to preserve the issue for appeal.

The State contends that *Edwards* does not apply to cases set for trial before that decision was filed. We are urged by the defendant to apply *State v. Schapiro,* 28 Wn. App. 860, 864, 626 P.2d 546 (1981), which stated:

Although no one could reasonably have anticipated *Edwards,* the rule announced in that case seems to be nothing more than an interpretation of an existing rule, the former CrR 3.3.

The effect of the Supreme Court's construction of a statute has been described as follows:

> It is a fundamental rule of statutory construction that once a statute has been construed by the highest court of the state, that construction operates as if it were originally written into it. In other words, there is no "retroactive" effect of the court's construction of a statute; rather, once the court has determined the meaning, *that is what the statute has meant since its enactment.*

(Citations omitted.) *Johnson v. Morris,* 87 Wn.2d 922, 927–28, 557 P.2d 1299 (1976). Rules of court should generally be construed in the same manner as statutes. *State v. McIntyre,* 92 Wn.2d 620, 600 P.2d 1009 (1979). Thus, the rule in *Edwards* applies to cases tried before that decision was announced, including the present case.

We hold that the rule announced in *State v. Schapiro, supra,* is inapplicable and note that the *Schapiro* opinion stated that "no one could reasonably have anticipated *Edwards".  Schapiro,* at 864. We decline to follow the *Schapiro* decision.

■■ The rule states that the period for trial starts from one of two events: the date of arrest *or* the date of bindover from district court. CrR 3.3(b)(1). The Washington State Judicial Council noted this in its *28th Annual Report* (1979) which stated in part:

> The 1978 version of the time for trial rule starts the period for trial from one of two events: the date of arrest or the date of bindover from district court. CrR 3.3(b)(1). One problem with this rule is the uncertainty of knowing when an arrest has occurred. In addition, the rule requires accurate communication among the prosecutor, law enforcement agencies, and the courts.
>
> CrR 3.3 currently permits prosecutors to avoid the arrest starting point by filing in district court, since there are no requirements as to when the bindover from district court must occur. The result has been frequent use of the preliminary hearing in district court as a means of delaying the starting point for the prescribed time limits.

Thus, the rule contained *two* mechanisms to trigger the running of the time limit for trial.

CrR 3.3(b)(1) did not give priority to either event. It

plainly stated that the time would begin to run from the date of the bindover to superior court, if such a bindover occurred. Those familiar with criminal proceedings know that (a) arrest precedes a preliminary hearing, (b) a preliminary hearing held in district justice court precedes a bindover, and (c) when a charge is filed directly in superior court, there is no preliminary hearing. The rule contemplated that if a defendant was not charged directly in superior court or no preliminary hearing was held, *then* the time would begin to run 10 days after arrest. Otherwise, the time would begin to run at the time of bindover (normally a later triggering date, since 10 days usually runs from the time of arrest, arraignment, appointment of counsel, calendaring of the preliminary hearing date, subpoenaing of witnesses and the date of the hearing). Thus the rule, as observed by the judicial council, contemplated the bindover to trigger a *new,* and usually later running of the 90–day period.

The *Edwards* case changed the rule by providing that the time limits ran from the first "applicable event." No such requirement was in the rule and *Edwards* eliminated the language which caused the time to run from the bindover *whenever a bindover* occurred. Thus, *State v. Edwards* rewrote CrR 3.3 and adopted a new rule. Such a change should be given prospective application only, in fairness to the State. *State v. Barton,* 93 Wn.2d 615, 611 P.2d 789 (1980).

The defendant was not denied a fair trial. She was not prejudiced. She was found guilty on stipulated evidence and makes no showing or argument that any constitutional right to a speedy trial was violated.

We hold that it would be unfair and unwarranted to penalize the State for failure to foresee a decision that, as noted in *Schapiro,* no one could have anticipated. We give prospective application only to *State v. Edwards, supra.*

644

The conviction is affirmed.

SWANSON and CORBETT, JJ., concur.

Reconsideration denied September 7, 1981.

Review by Supreme Court pending September 10, 1982.