[No. 8407–1–I.   Division One.   March 8, 1982.]

THE STATE OF WASHINGTON, *Appellant*, v. ANTHONY JOSEPH KRAY, ET AL, *Respondents*.

THE STATE OF WASHINGTON, *Appellant*, v. DAVID LEE RAMSEY, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Carol Hepburn, Deputy,* for appellant.

*Catherine C. Morrow, Morrow & Duncan,* and *George Thornton* and *Ronald Kessler* of *Seattle–King County Public Defender Association,* for respondents.

WILLIAMS, J.—The State appeals dismissal of charges against defendants Kray, Mendoza, and Ramsey because they were not prosecuted within the speedy trial time limits of CrR 3.3(b)(1) as interpreted in *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980). We reverse.

None of these defendants were tried or given a preliminary hearing within 100 days of arrest and release. All trial dates were set within 90 days following defendants' bindover from district to superior court. The criminal rules in effect at the time of these arrests provided:

> A defendant who is released from custody shall be brought to trial within 90 days of the applicable event set forth in subsection (b)(1).

CrR 3.3(b)(3).

> The time limits set forth in subsections (b)(2) and (b)(3) shall commence to run from the date: (a) of the order binding the defendant over to the superior court following a preliminary hearing pursuant to JCrR 2.03 or (b) of the tenth day following the defendant's arrest in the event a preliminary hearing is not held or the charge is initially filed in the superior court.

CrR 3.3(b)(1). The sole issue in this case is whether the Supreme Court's interpretation of CrR 3.3 in *State v. Edwards, supra* applies retroactively, requiring dismissal of all cases not tried within 100 days of arrest.

■ This court recently decided this issue in the case of *State v. Darden,* 30 Wn. App. 460, 635 P.2d 760 (1981). We agree with the reasoning in that case and hold *State v. Edwards* will be given prospective application.

The dismissals are reversed and the cases remanded for trial.

CORBETT, J., concurs.

JAMES, J. (dissenting)—I dissent. I cannot agree with the

statement in *State v. Darden,* 30 Wn. App. 460, 465, 635 P.2d 760 (1981), that "[n]o other mode of calculation is clearly apparent from a plain reading" of CrR 3.3. The Supreme Court spoke unequivocally in *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980), stating what CrR 3.3 meant. This court is required to apply the rule as interpreted by our Supreme Court. I agree with that court's conclusion that CrR 3.3, when read in its entirety and in view of preceding court decisions, was clear in notifying prosecuting authorities that they were required to provide a defendant with a speedy trial. I do not believe prosecutors could reasonably read CrR 3.3 to mean they could wait an indeterminate time prior to binding a defendant over to superior court without violating the defendant's speedy trial rights under CrR 3.3.

The principles of statutory construction are equally applicable to rule construction. *Darden*'s departure from traditional rules of construction in this case could have far—reaching effects. The potential exists for influencing future interpretations of many different types of statutes and court rules. The reasoning of *State v. Schapiro,* 28 Wn. App. 860, 864, 626 P.2d 546 (1981), is apposite:

> Although no one could reasonably have anticipated *Edwards,* the rule announced in that case seems to be nothing more than an interpretation of an existing rule, the former CrR 3.3.
>
> The effect of the Supreme Court's construction of a statute has been described as follows:
>
>> It is a fundamental rule of statutory construction that once a statute has been construed by the highest court of the state, that construction operates as if it were originally written into it. In other words, there is no "retroactive" effect of the court's construction of a statute; rather, once the court has determined the meaning, *that is what the statute has meant since its enactment.*
>
> (Citations omitted.) *Johnson v. Morris,* 87 Wn.2d 922, 927–28, 557 P.2d 1299 (1976). Rules of court should generally be construed in the same manner as statutes. *State v. McIntyre,* 92 Wn.2d 620, 600 P.2d 1009 (1979). Thus,

the rule in *Edwards* applies to cases tried before that decision was announced, including the present case.

I agree with Judge Ringold's dissenting statement in *State v. Darden, supra,* that the State was on notice that CrR 3.3 must be strictly construed and enforced. The majority in *Darden* cites dicta from *Schapiro* suggesting that no one could reasonably have anticipated *Edwards,* while disapproving other dicta in the case.

I further observe that the report of the Judicial Council, cited in *Darden* as justification for the State's interpretation of CrR 3.3, disapproved of the method of time computation, and pointed out a problem in implementation of the court rule.[1] That report in no way supports the State's reliance on its interpretation and should have alerted prosecutors that their "construction" of the rule was questionable.

The Supreme Court gave notice in *State v. McIntyre* that the rule was "clear" and did not "require or permit any construction." *State v. McIntyre,* 92 Wn.2d 620, 622, 600 P.2d 1009 (1979). The purpose and spirit of the rule were clear: to provide those accused of crimes with a speedy

---

[1] "The Supreme Court first adopted the speedy trial rule, CrR 3.3, in 1973. Over a period of years a number of problems with this rule were recognized. The Judicial Council proposed revisions to the rule in 1978. The Supreme Court discovered some inadequacies in the Judicial Council proposal and adopted a revised version. *Subsequent experience disclosed problems with the rule adopted.*

"The 1978 version of the time for trial rule starts the period for trial from one of two events: the date of arrest or the date of bindover from district court. CrR 3.3(b)(1). One problem with this rule is the uncertainty of knowing when an arrest has occurred. In addition, the rule requires accurate communication among the prosecutor, law enforcement agencies, and the courts.

"CrR 3.3 currently permits prosecutors to avoid the arrest starting point by filing in district court, since there are no requirements as to when the bindover from district court must occur. The result has been frequent use of the preliminary hearing in district court as a means of delaying the starting point for the prescribed time limits.

"*The Judicial Council's 1979 proposed amendments to CrR 3.3 will remedy this problem. The starting point for the time for trial period is the arraignment in superior court. Arraignment must occur by a certain date. In addition, time spent in district court proceedings will be included in the time for trial period. This should limit the use of district court proceedings to delay the time for trial period.*" (Italics mine.) Washington State Judicial Council, *Twenty–Eighth Annual Report,* at 46–47 (1979).

trial. CrR 3.3. The Supreme Court held in *Edwards* that CrR 3.3 meant that speedy trial time limits begin to run from the date of arrest. Bindover after preliminary hearing but before the arrest time limits had run would serve to postpone untimeliness, but could not revive a prosecution subject to dismissal because an early time limit had passed. *State v. Edwards, supra.* Judicial declaration of the meaning of an existing court rule is not promulgation of a new procedural rule. It is judicial clarification of what the rule has meant since its enactment. *State v. Schapiro, supra.* The State should have anticipated that CrR 3.3 would be considered clear on its face and strictly construed by the courts based on these prior decisions and the traditional rules of construction.

The majority in *Darden* also relies on the fact that Darden claimed no prejudice resulting from the time which elapsed prior to trial and did not contend that his constitutional speedy trial rights had been violated. No showing of prejudice to a defendant is necessary to obtain a dismissal for violation of CrR 3.3. *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975).

> Although the time for trial under the constitutional speedy trial rule is determined on a case–by–case basis, this [state's Supreme Court] has adopted a special court rule requiring dismissal when *certain* time limits are not met in order to provide a degree of specificity not provided by that case–by–case analysis.

(Italics mine.) *State v. Edwards, supra* at 213. Therefore, CrR 3.3 requires dismissal when specific time limits have passed, regardless of whether a constitutional violation exists.

I would hold this court to be bound by the decision of our Supreme Court informing us of the correct interpretation of the rule in effect when these cases were dismissed.

Reconsideration denied April 1 and 7, 1982.

Review by Supreme Court pending December 15, 1982.