[No. 9644–3–I.   Division One.   April 12, 1982.]

THE STATE OF WASHINGTON, *Appellant*, v. WILLIE LEE MIDDLETON, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *James Roe, Deputy,* for appellant.

*Stephanie Searing,* for respondent.

CALLOW, J.—The State of Washington appeals the dismissal of charges against defendant Willie Lee Middleton pursuant to CrR 3.3 and *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980). We reverse the dismissal and remand the case for trial.

Willie Lee Middleton was arrested April 4, 1980 following a shooting in which a man was killed. He was released from jail April 11, 1980, no charges having been filed. June 23, 1980, a complaint was filed in Seattle District Court charging Middleton with murder in the second degree. A warrant for his arrest was issued the same date. Middleton was arrested July 8, 1980, and released on personal recognizance July 17, 1980. A preliminary hearing was held in Seattle District Court July 25, 1980. August 1, 1980, Middleton was bound over to superior court, and a trial date was set for October 15, 1980.

Middleton moved to dismiss the information pursuant to CrR 3.3. The motion was granted because 119 days had elapsed between Middleton's arrest on April 4, 1980 and the bindover order of August 1, 1980.

The State appeals, presenting one issue: whether the interpretation of CrR 3.3 as stated in *State v. Edwards, supra* will apply retroactively, requiring dismissal of this case because the defendant was not tried within 100 days of his arrest. At the time of Middleton's arrest, CrR 3.3(b)(1) provided:

> The time limits set forth in subsections (b)(2) and (b)(3) shall commence to run from the date: (a) of the order binding the defendant over to the superior court following a preliminary hearing pursuant to JCrR 2.03 or (b) of the tenth day following the defendant's arrest in the event a preliminary hearing is not held or the charge is initially filed in the superior court.

This court recently decided the issue of the retroac-

tivity of the *Edwards* decision in *State v. Darden,* 30 Wn. App. 460, 635 P.2d 760 (1981), *review granted,* 96 Wn.2d 1025 (1982); *State v. Schmidt,* 30 Wn. App. 887, 639 P.2d 754 (1982); and *State v. Kray,* 31 Wn. App. 388, 641 P.2d 1210 (1982). In those opinions, a majority of this court held that CrR 3.3(b)(1), as interpreted in *State v. Edwards,* will be given prospective application. The reasoning in those cases is dispositive of this appeal.

The dismissal is reversed, and the case remanded to the trial court.

CORBETT, J., concurs.

JAMES, J. (dissenting)—For the reasons stated in my dissent in *State v. Kray,* 31 Wn. App. 388, 389, 641 P.2d 1210 (1982), I respectfully dissent. I would affirm the dismissal as proper under our Supreme Court's interpretation of CrR 3.3 as set forth in *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980).

Reconsideration denied May 19, 1982.

Review by Supreme Court pending December 15, 1982.