[Nos. 9385–1–I; 9456–4–I; 9484–0–I;  Division One.  April 12, 1982.]
9614–1–I; 9684–2–I.

THE STATE OF WASHINGTON, *Appellant*, v. ROBERT
J. PICHORA, JR., *Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v. CLAUDE
CRAWFORD, *Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v. GARY
P. WILLIAMS, *Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v. ROBERT
L. MOEN, *Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v. JOHN
R. BLUM, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Carol Hepburn, Deputy,* for appellant.

*Robert L. Moen,* pro se, *Hamilton Underwood, Murray Guterson, Allan Munro,* and *Jerome Jager,* for respondents.

[As amended by order of the Court of Appeals May 26, 1982, deleting directions that the opinion should not be published.]

CORBETT, J.—The State appeals the dismissal of five negligent homicide prosecutions for violation of former CrR 3.3, the speedy trial rule.

■ All of the defendants would have been brought to trial pursuant to the rule if the superior court judges had not given retroactive effect to the holding of *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980). This court has since held that the rule is to be strictly interpreted and modification of the rule by the *Edwards* decision is to be given prospective application. *State v. Darden,* 30 Wn. App. 460, 465, 635 P.2d 760 (1981), *review granted,* 96 Wn.2d 1025 (1982); *State v. Fry,* 30 Wn. App. 638, 643, 638 P.2d 585 (1981); *State v. Schmidt,* 30 Wn. App. 887, 893-98, 639 P.2d 754 (1982); *State v. Kray,* 31 Wn. App. 388, 389, 641 P.2d 1210 (1982). Dismissal of these prosecutions was error.

■ The defendant Blum contends further that the charges against him were properly dismissed for the additional reason that no preliminary hearing was held, nor does the record reflect a valid waiver of preliminary hearing. The district court minute entry for February 8, 1980, was:

Defendant and attorney not in court. By previous agreement with State—stipulate as to facts. By agreement—boundover. Pr'ed.

A Seattle district court judge testified in the superior court that the preliminary hearing was waived. The Superior

Court found on this record that the preliminary hearing had been waived. The parties' stipulation as to the facts was tantamount to the holding of a preliminary hearing for the purposes of CrR 3.3. *State v. Christofferson,* 28 Wn. App. 696, 698, 626 P.2d 36 (1981). The applicable event for calculating time limits was thus the date of bindover, February 8, 1980. The scheduled trial date would, therefore, have complied with the rule.

Each case is reversed and remanded for trial.

CALLOW, J., concurs.

JAMES, J. (dissenting)—For the reasons stated in my dissent in *State v. Kray,* 31 Wn. App. 388, 389, 641 P.2d 1210 (1982), I respectfully dissent. I would affirm the dismissal as proper under our Supreme Court's interpretation of CrR 3.3 as set forth in *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980).

Reconsideration denied May 26, 1982.

Review by Supreme Court pending May 13, 1983.