[No. 9398–3–I. Division One. June 14, 1982.]

THE STATE OF WASHINGTON, *Appellant,* v. GREGORY
LYNN JORDAN, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Carol Hepburn, Deputy,* for appellant.

*Byron H. Ward,* for respondent (appointed counsel for appeal).

JAMES, J.—The State of Washington appeals from an order of dismissal for failure to bring Gregory Lynn Jordan to trial within 90 days pursuant to CrR 3.3(b)(1) as interpreted in *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980).

Jordan was not given a preliminary hearing within 100 days of arrest. The trial date was set within 90 days following Jordan's bindover to superior court. CrR 3.3(b)(1) in effect at the time of arrest provided:

(1) The time limits set forth in subsections (b)(2) and (b)(3) shall commence to run from the date: (a) of the order binding the defendant over to the superior court

following a preliminary hearing pursuant to JCrR 2.03 or (b) of the tenth day following the defendant's arrest in the event a preliminary hearing is not held or the charge is initially filed in the superior court.

The sole issue on review is whether the trial court's interpretation of CrR 3.3(b)(1) as set forth in *State v. Edwards, supra,* will apply retroactively, requiring dismissal of all cases not tried within 90 days of arrest.

 This precise issue was recently considered in *State v. Darden,* 30 Wn. App. 460, 464–65, 635 P.2d 760 (1981), *review granted,* 96 Wn.2d 1025 (1982), wherein this court held:

> A retroactive application of *Edwards* to this case, requiring the dismissal of Darden's conviction, is too drastic a penalty. This is especially so in view of the fact that Darden claimed no prejudice. While it must be acknowledged that the Supreme Court decision in *Edwards* precluded this alternative which permitted the State to file charges in district court without any time limit until the preliminary hearing, the *Edwards* decision clearly added the 100–day rule for district court preliminary hearings and thereby created a *new* procedural rule. Logically, such a change must be treated as the adoption of a new rule and given prospective application only. *State v. Barton,* 93 Wn.2d 615, 611 P.2d 789 (1980).
>
> Further, it must be remembered that the State complied fully with the provisions and interpretations of CrR 3.3 as they existed prior to the decision in *Edwards* which occurred subsequent to the trial in the instant case. The State had only the plain language of CrR 3.3 to guide it in implementation of the rule. The wording of the rule logically indicates that one might count either from the order of bindover or from the 10th day following a defendant's arrest. No other mode of calculation is clearly apparent from a plain reading of the rule. In addition, there was no foreshadowing of the *Edwards* interpretation which reasonably might have put the State on notice. Consequently, the State justifiably relied on its plain reading of CrR 3.3, as reinforced by the Judicial Council's interpretation.

We reject the majority opinion in *Darden* and adopt the reasoning of the dissent in that case and the dissents in

*State v. Schmidt,* 30 Wn. App. 887, 639 P.2d 754 (1982) and *State v. Kray,* 31 Wn. App. 388, 641 P.2d 1210 (1982). We affirm the order of dismissal.

RINGOLD, J., concurs.

ANDERSEN, C.J. (dissenting)—The majority opinion herein is unique in that all of the prior decisions of this court which it cites, including the one it quotes, hold precisely to the contrary of the view which the majority adopts herein. *See State v. Darden,* 30 Wn. App. 460, 465–66, 635 P.2d 760 (1981), *review granted,* 96 Wn.2d 1025 (1982); *State v. Schmidt,* 30 Wn. App. 887, 897–98, 639 P.2d 754 (1982); *State v. Kray,* 31 Wn. App. 388, 389, 641 P.2d 1210 (1982).

I agree with our prior decisions, and consider the views as expressed by Judge Swanson in *Schmidt* to be particularly persuasive.

In any event, this issue which involves, as it does, the interpretation of former CrR 3.3(b) adopted by the State Supreme Court, will doubtless be shortly resolved by that court since it granted review and has heard argument in *Darden.*

For these reasons, I dissent from the majority opinion herein.

Reconsideration denied July 27, 1982.

Review by Supreme Court pending May 13, 1983.