[No. 48284-5. En Banc. June 2, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. JODY JURL DARDEN, *Petitioner.*

*A. J. Meyers* (of *Kane & Meyers*), for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Deputy,* for respondent.

*David R. Wohl* and *Raymond H. Thoenig* on behalf of Washington Appellate Defender Association, amici curiae for petitioner.

STAFFORD, J.—Petitioner Jody Darden appeals convictions on three counts of first degree robbery. In so doing petitioner urges the application of former CrR 3.3 as interpreted by *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980).

Petitioner was arrested after an investigation of a num-

ber of armed robberies. He gave a statement to police and was held by the Department of Youth Services in Seattle for 4 days. During that time he was required to appear in a lineup and his automobile was searched. He was released from custody on October 2, 1979.

On December 28, 1979, 92 days after petitioner's arrest, the prosecutor filed a complaint against him in King County District Court. Arraignment occurred January 25, 1980, 120 days after arrest. On February 4, 1980, 130 days after his arrest, a preliminary hearing in district court resulted in an order binding petitioner over to superior court on robbery charges.

In superior court, petitioner filed a motion to dismiss for violation of former CrR 3.3(b).[1] The trial court found no violation of CrR 3.3(b) because a superior court trial date had been set within 60 days after the bindover. Subsequently, petitioner stipulated to the truth of police reports and was found guilty on three counts of first degree robbery.

Six months later, this court decided *State v. Edwards, supra,* in which we concluded that a preliminary hearing held pursuant to JCrR 2.03 must occur within 100 days of arrest.

The Court of Appeals affirmed the judgment holding that *Edwards* should not be applied retroactively. We reverse the Court of Appeals and set aside petitioner's convictions.

The Court of Appeals first recognized, in *State v. Scha-*

---

[1]The applicable version of CrR 3.3(b), in effect from November 1978 to August 1, 1980, read in pertinent part:

"(1) The time limits set forth in subsections (b)(2) and (b)(3) shall commence to run from the date: (a) of the order binding the defendant over to the superior court following a preliminary hearing pursuant to JCrR 2.03 or (b) of the tenth day following the defendant's arrest in the event a preliminary hearing is not held or the charge is initially filed in the superior court.

"(2) A defendant unable to obtain pretrial release from custody shall be brought to trial within 60 days of the applicable event set forth in subsection (b)(1).

"(3) A defendant who is released from custody shall be brought to trial within 90 days of the applicable event set forth in subsection (b)(1)."

*piro,* 28 Wn. App. 860, 626 P.2d 546 (1981), that "the rule announced in [*Edwards*] seems to be nothing more than an interpretation of an existing rule, the former CrR 3.3." *Schapiro,* at 864. Six months later, the Court of Appeals abandoned its holding in *Schapiro,* labeling it as mere dictum. *See State v. Darden,* 30 Wn. App. 460, 635 P.2d 760 (1981); *State v. Schmidt,* 30 Wn. App. 887, 639 P.2d 754 (1982); *State v. Kray,* 31 Wn. App. 388, 641 P.2d 1210 (1982).[2]

Beginning with its opinion in *Darden,* the Court of Appeals adhered to the mistaken belief that our decision in *Edwards* announced a new, unanticipated procedural rule which, under traditional principles of retroactivity, could only be applied prospectively. Over the vigorous dissents of Judge Ringold in *Darden* and *Schmidt* and Judge James in *Kray,* the Court of Appeals reasoned that *Edwards* could not have been foreseen and that as a "complete break" with previous law, it would be manifestly unfair to apply the "new" *Edwards* rule to cases tried before the rule was adopted. *See Desist v. United States,* 394 U.S. 244, 22 L. Ed. 2d 248, 89 S. Ct. 1030 (1969); *State v. Barton,* 93 Wn.2d 615, 611 P.2d 789 (1980).

 Had our decision in *Edwards* been the equivalent of a "new" procedural rule, a traditional *retroactivity* analysis might be appropriate;[3] however, the Court of Appeals in *Darden* misconstrued *Edwards. State v. Edwards, supra,* is nothing more than the interpretation of an existing rule. We did not announce a new rule; we merely put an end to a prosecutorial practice which had

---

[2]It appears the Court of Appeals has now recognized its error. In the most recent decision to address the applicability of *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980), the Court of Appeals reverted to the position originally taken in *State v. Schapiro,* 28 Wn. App. 860, 626 P.2d 546 (1981). *State v. Jordan,* 32 Wn. App. 215, 646 P.2d 781 (1982).

[3]The Court of Appeals was correct in stating that a newly adopted procedural rule has prospective application only. *State v. Barton,* 93 Wn.2d 615, 611 P.2d 789 (1980). The Court of Appeals erred, however, in characterizing the *Edwards* decision as a new procedural rule.

evolved into an abuse of the existing rule.

Moreover, our decision in *Edwards* cannot be said to have been unforeseeable. The State knew the rule protecting an accused's constitutional right to a speedy trial must be strictly enforced.[4] *State v. McIntyre,* 92 Wn.2d 620, 600 P.2d 1009 (1979).

All we did in *Edwards* was to declare the meaning of former CrR 3.3(b). "Judicial declaration of the meaning of an existing court rule is not promulgation of a new procedural rule. It is judicial clarification of what the rule has meant since its enactment." *State v. Kray, supra* at 392 (James, J., dissenting).

We have long adhered to the principle that when the highest appellate court construes a statute, that construction must be read into the statute as if it had been enacted that way originally.

> It is a fundamental rule of statutory construction that once a statute has been construed by the highest court of the state, that construction operates as if it were originally written into it. In other words, there is no "retroactive" effect of the court's construction of a statute; rather, once the court has determined the meaning, *that is what the statute has meant since its enactment.*

(Citations omitted.) *Johnson v. Morris,* 87 Wn.2d 922, 927–28, 557 P.2d 1299 (1976). Rules of court should generally be construed in the same manner. *State v. McIntyre, supra.*

As a result of our decision in *Edwards,* former CrR 3.3(b) means the State was not permitted to delay a trial by using the preliminary hearing as the "triggering event." The trial must have taken place within 100 days of arrest or the preliminary hearing, but the preliminary hearing cannot be used as the "triggering event" unless it is held within that 100 days. Since no trial or preliminary hearing occurred within 100 days of Darden's arrest, the State violated former CrR 3.3(b).

---

[4]It should be noted, however, that while former CrR 3.3(b) is *based* on the constitutional right to a speedy trial, the rule itself is not of constitutional magnitude. *See State v. White,* 94 Wn.2d 498, 617 P.2d 998 (1980).

We are not unaware of the possible harsh result wrought by this analysis. Nevertheless, former CrR 3.3(b) means just what *Edwards* says it means. Since the speedy trial objection, based on former CrR 3.3(b), was actually raised before trial and was renewed on appeal, the *Edwards* interpretation should relate back to the original adoption of former CrR 3.3(b). The conviction should be reversed and the charges against Darden dismissed.

It should be noted that appellant Darden raised the issue herein prior to trial, on appeal and again in his petition for review filed with this court. Since these were the limited procedural facts before us on review and because former CrR 3.3(b) is not a rule of constitutional magnitude, *State v. White,* 94 Wn.2d 498, 501, 617 P.2d 998 (1980), several questions must be left open for future consideration. Although *Edwards* clearly applies within the factual parameters of the instant case, we reserve judgment at this time as to whether *Edwards* will be applicable if the issue was not raised before the trial court, if the issue although raised was not perfected on appeal, if an appeal raising the issue was unsuccessful and a petition for review was not filed in this court and finally whether a personal restraint petition will be considered in light of the nonconstitutional magnitude of CrR 3.3. *See In re James,* 96 Wn.2d 847, 854–57, 640 P.2d 18 (1982); *In re Keene,* 95 Wn.2d 203, 204–05, 622 P.2d 360 (1980). *See also In re Hagler,* 97 Wn.2d 818, 826–27, 650 P.2d 1103 (1982).

The Court of Appeals is reversed and the cause remanded for action consistent with this opinion.

WILLIAMS, C.J., and UTTER, BRACHTENBACH, DOLLIVER, and PEARSON, JJ., concur.

DORE, J. (concurring in part, dissenting in part)—I concur that *State v. Darden,* 30 Wn. App. 460, 635 P.2d 760 (1981) should be reversed and that Darden be granted his freedom. I dissent, however, to the majority's retroactive application of *Darden* back to November 17, 1978, the date

of the adoption of former CrR 3.3(b).

The majority, with its inappropriate reasoning, would release convicted felons, without any showing of prejudice, back to November 17, *1978.* I would have applied the reasoning and rationale of the United States Supreme Court case of *United States v. Johnson,* 457 U.S. 537, 73 L. Ed. 2d 202, 102 S. Ct. 2579 (1982) to the subject case, limiting *Darden's* retroactivity to August 21, 1980, the date of the release of the opinion of *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980). We don't know at this time how many felons convicted between November 17, 1978 and August 21, 1980 will be released as a result of this decision, because more than 100 days expired between their arrests and preliminary hearings. We will soon know.

The crucial issue in this case is the applicability of *State v. Edwards, supra.* Rules of court should generally be construed in the same manner as statutes. *State v. McIntyre,* 92 Wn.2d 620, 622, 600 P.2d 1009 (1979). Once a statute has been construed by this court, that construction operates as if it were originally written into it. *Johnson v. Morris,* 87 Wn.2d 922, 927–28, 557 P.2d 1299 (1976). Accordingly, an interpretation of former CrR 3.3 in *Edwards* would *appear* to relate back to the enactment of that rule.[5]

The majority here has applied *Edwards* back to the inception of the rule. I feel, however, this would bring about drastic and unjust results in a number of cases where no prejudice was claimed or can be shown. A more equitable disposition is the adoption of the reasoning employed

---

[5]As *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980) involved an interpretation of an existing rule, the cases cited by the State involving newly adopted procedural rules are inapplicable. Particularly distinguishable is *State v. Barton,* 93 Wn.2d 615, 611 P.2d 789 (1980), in which this court declined to apply retroactively the rule of *State v. Aleshire,* 89 Wn.2d 67, 568 P.2d 799 (1977) relating to the time within which a retrial must be had following a mistrial. We concluded the *Aleshire* rule was a "'newly adopted *procedural* rule'", not an interpretation of an existing rule, and would, therefore, be prospective in nature. *Barton,* at 616. In the present case, we find the reverse. Consequently, the factors applied in *Barton* in determining whether a new rule should be limited to prospective application are inapplicable in the context of this case.

by the United States Supreme Court in *United States v. Johnson, supra.* There, the Court applied a Fourth Amendment decision retroactively to all convictions that were not yet final at the time the decision was rendered. The Court held this rule would apply to all Fourth Amendment decisions, except those cases clearly controlled by existing retroactivity precedents.[6]

The *Johnson* Court reasoned that the retroactive application of *Payton v. New York,* 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371 (1980) to all previously nonfinal convictions would provide a principle of decisionmaking consistent with the Court's original understanding of retroactivity expressed in *Linkletter v. Walker,* 381 U.S. 618, 14 L. Ed. 2d 601, 85 S. Ct. 1731 (1965) and *Tehan v. United States ex rel. Shott,* 382 U.S. 406, 15 L. Ed. 2d 453, 86 S. Ct. 459 (1966). The *Johnson* Court also rationalized that such a principle is capable of general applicability, thus preventing an artificial restructuring of "'expectations legitimately created by extant law'". *Johnson,* at 555. Additionally, the Court found its application of *Payton* to cases pending on direct review to comport with judicial responsibilities "to do justice to each litigant on the merits of his own case". *Desist v. United States,* 394 U.S. 244, 259,

---

[6]Where a decision of the court merely applies settled principles of law to a new set of facts, the rule of the later case applies in earlier cases. *See, e.g., Dunaway v. New York,* 442 U.S. 200, 60 L. Ed. 2d 824, 99 S. Ct. 2248 (1979); *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969); *Desist v. United States,* 394 U.S. 244, 22 L. Ed. 2d 248, 89 S. Ct. 1030 (1969). In such cases, it has been a foregone conclusion that the rule of the later case applies in earlier cases, because the later decision has not, in fact, altered that rule in any material way. Conversely, where the court has declared a rule of criminal procedure to be a clear break with the past, the new principle is not applied retroactively. *See United States v. Peltier,* 422 U.S. 531, 547 n.5, 45 L. Ed. 2d 374, 95 S. Ct. 2313 (1975) (Brennan, J., dissenting) (collecting cases). Third, the court has recognized full retroactivity as a necessary adjunct to a ruling that a trial court lacked authority to convict or punish a criminal in the first place. In such cases, the court has relied less on the technique of retroactive application than on the notion that the prior inconsistent judgments or sentences were void ab initio. *See, e.g., Moore v. Illinois,* 408 U.S. 786, 33 L. Ed. 2d 706, 92 S. Ct. 2562 (1972); *Ashe v. Swenson,* 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189 (1970). Our decision in *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980) fits none of these three categories.

22 L. Ed. 2d 248, 89 S. Ct. 1030 (1969) (Harlan, J., dissenting). The application of this approach in the *Johnson* case also furthered the Court's goal of treating similarly situated defendants similarly.

Adopting the rationale of *Johnson*, I would hold that in the future we apply the *Edwards* decision only to those cases that were pending on direct appeal at the time *Edwards* was decided.

## CONCLUSION

I concur in reversing *Darden*; however, I would apply the doctrine of *Edwards* retroactive *only* to August 21, 1980 rather than November 17, 1978 as the majority does. There is no need for such a liberal interpretation that will open jail doors to convicted felons without justification. *Johnson* only requires retroactivity to August 21, 1980.

ROSELLINI, J., concurs with DORE, J.

KIRKWOOD J.* (dissenting)—Once again the majority is setting free a convicted criminal by the technical application of a technical rule. I find it incomprehensible that this court will compound the error promulgated by *State v. Edwards*, 94 Wn.2d 208, 616 P.2d 620 (1980) by dismissing a conviction on three counts of first degree robbery, when *Edwards* is so demonstrably wrong.

The former CrR 3.3(b) provided, in plain language, *two* triggering events, and no amount of semantics or legal legerdemain can change that plain meaning.

> As the author of these rules, this court, of course, is in a position to reveal the actual meaning which was sought to be conveyed. However, we approach them as though they had been drafted by the legislature, and give the words their ordinary meaning, reading the language as a whole and seeking to give effect to all of it.

*State v. McIntyre*, 92 Wn.2d 620, 622, 600 P.2d 1009 (1979)

---

*Judge John H. Kirkwood is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. 4, § 2(a) (amend. 38).

(citing *State ex rel. Schillberg v. Everett Dist. Justice Court*, 90 Wn.2d 794, 797, 585 P.2d 1177 (1978)).

A rule of construction is that language which is clear upon its face does not require or permit any construction. *State v. McIntyre, supra; State v. Roth,* 78 Wn.2d 711, 479 P.2d 55 (1971).

This court should admit its error, cut the Gordian knot, and overrule *Edwards.*

I dissent from the opinion of the majority, and would affirm the Court of Appeals.

Reconsideration denied September 13, 1983.