[No. 28294-8-I. Division One. August 3, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. TIMOTHY SMITH, *Appellant.*

*Andrew P. Stanton* of *Washington Appellate Defender Association,* for appellant.

*David S. McEachran, Prosecuting Attorney,* and *Steven E. Knapp, Deputy,* for respondent.

PER CURIAM. — Timothy Smith appeals his conviction for driving while license suspended or revoked. He challenges admission of a facsimile transmission of a certified copy of his driving record. We accelerate review and affirm.

## FACTS

The State charged 16-year-old Timothy Smith with being a minor in possession of intoxicants (MIP) and driving while license suspended or revoked. On April 15, 1991, the parties appeared before Whatcom County Commissioner Frank Morrow and Smith entered a guilty plea to the MIP charge.

Regarding the driving while license revoked charge, the State sought to prove Smith's license was revoked by intro-

duction of a facsimile transmission of a certified copy of his driving record (CCDR) from the Department of Licensing. Smith moved to exclude the facsimile transmission (fax), arguing it was inadmissible hearsay. The commissioner denied the motion to exclude, ruling the fax of the CCDR was admissible under RCW 40.20.030, ER 1001(d) and ER 1003. Accordingly, the court admitted exhibit 1, the fax of the CCDR, and exhibit 2, a photocopy of the same.

The first page of exhibit 1 consists of a cover sheet signed by Kris Waidely, custodian of records, indicating her certification that the attached documents are accurate copies of Smith's driving record. The CCDR indicates that effective January 3, 1991, Smith's driving privilege was revoked for 1 year due to conviction for MIP. Each page of exhibit 1 bears the Washington State seal for the Department of Licensing.

Following denial of the motion, Smith stipulated to facts sufficient to establish the conviction. Based upon the stipulation, the commissioner found Smith guilty and sentenced him within the standard range.

### Decision

Smith challenges admission of his CCDR sent by fax as proof that his privilege to drive was revoked. It is important to note at the outset that Smith challenges neither the admission of a copy of the driving record nor the authenticity of the CCDR. Instead, Smith's challenge focuses solely on the admission of a duplicate of the *seal*. Smith argues that unless the CCDR bearing the original seal is introduced, the document is not under seal and therefore constitutes inadmissible hearsay. Smith also argues that admission of the original CCDR is required by the "best evidence" rule.

RCW 5.44.040[1] provides for admissibility of certified copies of public records as an exception to the hearsay rule

---

[1]RCW 5.44.040 provides:

"Copies of all records and documents on record or on file in the offices of the various departments of the United States and of this state . . ., when duly certified by the respective officers having by law the custody thereof, under their respective seals . . ., shall be admitted in evidence in the courts of this state."

when the document is duly certified and under seal. *State v. Monson*, 113 Wn.2d 833, 836-39, 784 P.2d 485 (1989). ER 902(d) also provides for self-authentication of certified public documents. Regarding domestic certified public documents under seal, such as a CCDR, ER 902(d) provides the document must comply with section (a), which requires that the document "bear[] a seal purporting to be that of . . . any state, . . . and a signature purporting to be an attestation or execution." It is uncontested that the CCDR introduced in this case bears the State's seal, albeit a fax of the seal. Nothing in the rule, however, requires an original seal.

Smith nonetheless argues that unless a document bearing the original seal is introduced, the document is not "under seal". The only authority that Smith cites for this proposition is RCW 5.44.130 which provides:

> **Seal, how affixed.** A seal of court or public office, when required to any writ, process, or proceeding to authenticate a copy of any record or document, may be affixed by making an impression directly on the paper which shall be as valid as if made upon a wafer or on wax.

This statute, however, enacted over 100 years ago and plainly intended to update the ancient practice of affixing a seal, directs only the affixing of the seal. Smith does not contest the seal was improperly affixed, but rather that a document must bear the original seal.

The State argues the fax of the CCDR is admissible under RCW 40.20.030,[2] which provides:

> Such photostatic copy, photograph, microphotograph or photographic film record, or copy of the original records shall be deemed to be an original record for all purposes, and shall be admissible in evidence in all courts or administrative agencies. A facsimile, exemplification or certified copy thereof shall, for all purposes recited herein, be deemed to be a transcript, exemplification or certified copy of the original.

Initially, this statute appears to definitively allow for admission of the fax of the CCDR. The statute, however, cannot

---

[2]Although fax machines did not become a part of daily life until the 1980's, the fax machine was invented in 1842. Thus, despite the fact that RCW 40.20.030 was enacted in 1949, the reference to a "facsimile" is to transmission by fax machine.

be read in isolation, but must be read in conjunction with RCW 40.20.020. Broadly stated, section .020 authorizes a business or state, county or city government body to dispense with storing original documents by authorizing these entities to either photocopy or store the original documents on film. Thus, where section .030 states that "such" copies of original documents shall be deemed originals and that a "facsimile . . . thereof shall, for all purposes recited herein, be deemed to be a transcript, exemplification or certified copy of the original", the statute refers to the copies authorized in section .020. RCW 40.20.030, therefore, cannot be relied upon as creating a general rule of admission of any facsimile transmission of any document. Nonetheless, it is undebatable that RCW 40.20.030 contemplates and encourages the modern storage and production of records.

■ The State argues the fax of the CCDR is admissible under title 10 of the Rules of Evidence, which establishes a modified version of the "best evidence" rule. We agree. ER 1001(c) defines "original", in part, as follows:

> An "original" of a writing or recording is the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it.

Since the fax of the seal exactly resembles the original seal and since the Department of Licensing intended the fax to be a certified copy of the driving record, it qualifies as an original document.[3]

Smith argues that ER 1005, which governs admission of duplicates of public records, preempts the general rule of ER 1001. ER 1005 provides:

> The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with rule 902 or testified to be correct by a witness who has compared it with the original. If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given.

---

[3]Alternatively, the fax certainly qualifies as a "duplicate", as defined in ER 1001(d) and admissible under ER 1003.

Smith's reliance on the rule does not advance his argument because ER 1005 does not establish a requirement that the original seal be admitted in order to admit a certified copy of a public document. Instead, ER 1005 simply brings the question back full circle to whether a fax of the CCDR complies with ER 902's requirement that a certified copy of a public document "bear" the seal.

■ In conclusion, Smith fails to cite any authority, and it appears none exists, that requires an original seal as a prerequisite to admission of a document under seal. Admission of the fax is authorized by the Rules of Evidence and is in keeping with the spirit of statutes such as RCW 40.20-.030, which aim to keep current with modern technology. We affirm.