**Eric Ovio ENGLUND, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–94–00774–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 28, 1995.

Rehearing Overruled Sept. 28, 1995.

Jerome Aldrich, Angleton, for Appellant.

Jim Mapel, Mary P. Cudd, Angleton, for Appellee.

**EN BANC OPINION ON MOTION FOR REHEARING**

MIRABAL, Justice.

We grant the State's motion for rehearing en banc, withdraw our opinion of April 20, 1995, and substitute this opinion in its stead. This is a case of first impression in which the sole issue is whether a facsimile transmission (fax) of a certified copy of a judgment is admissible in evidence. We hold that such a fax is admissible under the circumstances of this case. We affirm.

Appellant, Eric Ovio Englund, appeals from the revocation of his probation. On

February 22, 1993, appellant pled guilty to driving while intoxicated. The trial court assessed punishment at 90 days confinement, probated for 12 months, plus a $1,200 fine. Nine months later, the State moved to revoke appellant's probation, contending appellant (1) committed another DWI in Cameron County on March 18, 1993; (2) failed to avoid injurious habits; and (3) failed to abstain from intoxicants.

A hearing was held on June 13, 1994, eight months after the State filed its revocation motion. The State introduced a fax of a Cameron County judgment showing appellant's November 1993 conviction for a DWI offense which occurred on March 18, 1993. The judgment incorporated appellant's thumb print as an exhibit. The first page included a "fax transmittal memo" showing that five pages were transmitted from the Cameron County Clerk's Office to the Brazoria County District Attorney's Office. The top of each page included a machine notation showing the date, time, source telephone number, and source ("CAMERON CO CLERK") of transmittal. A reproduction of the county clerk's seal, attestation, and signature appears at the bottom right side of each page.

When the State offered the judgment, appellant objected on the bases of Tex.R.Crim. Evid. 802 and 803 (hearsay), 901 (need evidence of authentication), and 902 (self-authentication) "in that it is not an original certified copy." The prosecutor argued that the exhibit was sufficiently authenticated and it was up to the discretion of the judge to determine whether it was sufficient. The trial court found that the document was a fax copy from the Clerk of Cameron County, and admitted the document into evidence.

The only witness at the revocation hearing was a peace officer who testified that the thumb print on the faxed document matched prints taken from appellant on the morning of the hearing. The trial court revoked appellant's probation for commission of the Cameron County DWI and for failing to

avoid injurious habits.[1] Appellant was sentenced to serve 90 days in jail.

In his single point of error, appellant complains that the Cameron County judgment was inadmissible because it was a fax copy that did not contain an "original seal" but only a "faxed xerox copy" of a seal, and that it was not certified as "correct" as required by Tex.R.Crim.Evid. 902.

The controlling rules are Tex.R.Crim.Evid. 901(a), 901(b)(7), 1001(3) and (4), and 1005:

Rule 901(a) General Provision.

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

Rule 901(b) Illustration.

By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

. . . .

(7) Public Records and Reports.

Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

Rule 1001(3) Original.

An "original" of a writing or recording is the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it. . . .

Rule 1001(4) Duplicate.

A "duplicate" is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photograph, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques which accurately reproduce the original.

---

1. The only evidence of "injurious habits" was the disputed Cameron County DWI judgment.

Rule 1003  Admissibility of Duplicates.

A duplicate is admissible to the same extent as an original unless (1) a question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

Rule 1005  Public Records.

The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 902 or testified to be correct by a witness who has compared it with the original. If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given.

In the present case, each page of the Cameron County judgment contains a round seal stating "County Court at Law No. 2 of Cameron County, Texas." The seal may have originally been raised, and appears to have been darkened for photocopying purposes. This round seal was placed over a stamp that states:

A CERTIFIED COPY

Attest: June 8th, 1994.
JOE G. RIVERA, County Clerk
Cameron County, Texas

By Irene Dlz Deputy

The underlined portions represent blank spaces that were filled by handwritten notations. It is not contested that this document, at the instant of its fax transmission, was a certified copy adhering to the requirements of rule 902(1). The State correctly points out that had it been picked up or mailed rather than transmitted via fax, its authentication would not have been an issue.

We conclude that the "certified copy" of the judgment was an "original" within the meaning of rule 1001(3), and the "fax copy" was a "duplicate" under rule 1001(4). The authentication or identification requirements of rules 901(a) and (b)(7) were complied with to the satisfaction of the trial court. In the circumstances of this case, there is no indication it would be "unfair" to admit the duplicate in lieu of the original. Therefore, under rule 1003, the trial court did not abuse its discretion when it concluded the fax copy (the duplicate) was admissible.

The dissent concludes that, as a matter of law, the State did not exercise reasonable diligence to obtain the *original* certified copy of the judgment, and therefore, under rule 1005, the faxed copy was not admissible. We respectfully disagree with the dissent's construction of rule 1005.

In this case, a certified copy of the judgment was created; there is no question that such a certified copy exists. Therefore, rule 1005 was complied with. Rule 1003 specifically allows a duplicate of that original certified copy to be admitted, under the circumstances of this case. Accordingly, the trial court did not abuse its discretion in overruling appellant's objection.

We overrule appellant's sole point of error, and affirm the order revoking probation.

HUTSON–DUNN and WILSON, JJ., join in this opinion.

COHEN, J., concurs, with HEDGES, J., joining the concurring opinion.

TAFT, J., dissents, with OLIVER–PARROTT, C.J., and O'CONNOR and ANDELL, JJ., joining the dissenting opinion.

COHEN, Justice, concurring.

I agree that the fax was admissible as a duplicate, but conclude that it was also admissible as an "original" certified copy under rules 1001 and 1002.

As the State notes in its motion for rehearing, a document that is a "copy" in the colloquial sense of the word may actually

qualify as an "original" document legally. An "original" of a writing is defined as the writing itself or "any counterpart intended to have the same effect by a person executing or issuing it." TEX.R.CRIM.EVID. 1001(3) (emphasis added). A "counterpart" is defined as a "duplicate or copy." BLACK'S LAW DICTIONARY 315 (5th ed. 1979). The fax in question qualifies as a rule 1001 "counterpart."

The record shows that the Cameron County Clerk sent a counterpart intended to have the same effect as the original writing. The Clerk was sending via fax a certified copy of a document that he had the authority to authenticate and over which he, as a public official in the Cameron County Clerk's Office, had sole dominion. The certification on each page had been darkened at the transmitting end to make it more visible to the receiver. The date of the attestation matched the date of the fax transmission. I conclude that the clerk intended for the fax to be received as a certified copy and to have the same effect as the original judgment and sentence.

The same analysis of evidentiary rules was undertaken in *State v. Smith,* 66 Wash.App. 825, 832 P.2d 1366 (1992), where a fax of a certified driving record was admitted at a criminal trial for driving while license suspended. In response to a challenge to the admissibility of this fax, the court found:

> An "original" of a writing or recording is the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it. Since the fax of the seal exactly resembles the original seal and since the Department of Licensing intended the fax to be a certified copy of the driving record, it qualifies as an original document. Admission of the fax is authorized by the rules of evidence and is in keeping with the spirit of statutes ... which aim to keep current with modern technology.

*Id.* 832 P.2d at 1368.

I would hold that the facsimile transmission of the Cameron County judgment and sentence was an "original" certified copy under rules 1001 and 1002, and was properly admitted by the trial court as self-authenticated pursuant to rule 902(4).

HEDGES, J., joins in this concurrence.

TAFT, Justice, dissenting.

On original submission we held that the trial court erred in admitting a "faxed" certified copy of a Cameron County judgment. We found that the facsimile transmission (fax) did not satisfy the authentication requirements of TEX.R.CRIM.EVID. 902 and 1005. We initially read these rules to require the contents of a public record to be proved by an original certified copy, certified in accordance with rule 902.

## Motion for Rehearing

We are confronted with an extraordinarily persuasive motion for rehearing filed by the Prosecutor Assistance Division of the Office of the Attorney General.[1] The issue is whether a faxed certified copy of a judgment is sufficiently authenticated to be admissible. The lead opinion finds that the faxed certified copy was admissible as a duplicate certified copy pursuant to TEX.R.CRIM.EVID. 901(a), 901(b)(7), 1001(4), and 1003. The concurring opinion finds that the faxed certified copy was also sufficiently authenticated as an original certified copy pursuant to TEX. R.CRIM.EVID. 902, 1001(3) and 1002.

I recognize the strength of the State's argument that it makes little sense to admit the same document sent through the mail, but not admit it when sent via fax. My concern with the position of the concurring opinion is that it blurs the distinction between original and copy. My concern with both the lead and concurring opinions is that they lower the standard for admissibility of copies of public records.

## A. Duplicates of Public Records

There is a general rule which allows duplicates to be admissible to the same extent as

---

1. Because appellant's counsel is now the elected District Attorney of Brazoria County, counsel recused himself and an attorney from the Attorney General's office was appointed Criminal District Attorney *Pro Tem.*

originals, unless a question is raised as to the authenticity of the original or where it would be unfair to admit the duplicate in lieu of the original. TEX.R.CRIM.EVID. 1003 (admissibility of duplicates). For public records, however, a specific rule provides for the contents to be proved "by copy, certified as correct in accordance with Rule 902 or testified to be correct by a witness who has compared it with the original." TEX.R.CRIM.EVID. 1005. This specific rule for public records is the reason why I disagree with the lead opinion that a duplicate of a certified copy is sufficient.

An exception to the specific rule allows other evidence of the contents of a public record to be given if a copy which complies with the foregoing (certified according to rule 902 or by witness comparison with the original) cannot be obtained by the exercise of reasonable diligence. *Id.*

The manner in which these rules are set out demonstrates that public records are intended to be treated differently from other documents. An original is never required to prove the contents of public records, but a particular hierarchy of secondary evidence is established. 33 S. GOODE, O. WELLBORN & M. SHARLOT, GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 1005.1 at 666–67 (Texas Practice 1988). That hierarchy starts with a copy certified in accordance with rule 902 (self-authentication), includes a copy compared by a live witness with the original, and ends, only if the other alternatives cannot be employed by the exercise of due diligence, by allowing other evidence of the contents to be given. *Id.* at 667.

**B. Original**

I believe the State's suggestion that the rules now allow a copy to be an original misses the mark. TEX.R.CRIM.EVID. 1001(3) defines "original" for purposes of article X:

An *"original"* of a writing or recording *is the writing* or recording *itself or any counterpart intended to have the same effect by a person executing or issuing it.* An "original" of a photograph includes the negative or any print therefrom. If data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an "original."

(Emphasis added.) When applied to the judgment in this case, I would find that there was only one original of the writing itself, *i.e.*, the judgment entered in the records of the court. "A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant." TEX.CODE CRIM.P.ANN. art. 42.01, § 1 (Vernon Supp. 1995).

I would further find that there is no "counterpart intended to have the same effect by a person executing or issuing it." A trial court does not execute or issue multiple copies of a judgment, each of which is intended to show the conviction or acquittal of the defendant. A judgment is not like a contract or lease, multiple copies of which the parties sign so that each party can have an "original." I would confine the meaning of the term "counterpart intended to have the same effect" to the latter situation. *See* 33 S. GOODE, O. WELLBORN & M. SHARLOT, § 1001.4, at 650. Therefore, I would not hold that a faxed certified copy of a judgment is an original certified copy of a judgment.

**C. Certified Copy**

The most common method of introducing public records is by certified copy pursuant to TEX.R.CRIM.EVID. 902(1), (4). There is a requirement that a certified copy bear a seal of the government agency issuing it. *Id.* I cannot agree that a copy of a certified copy, even a fax of a certified copy, constitutes a sufficiently self-authenticated public record to be admissible under rules 902 and 1005. Thus, I cannot agree with *State v. Smith,* 66 Wash.App. 825, 832 P.2d 1366 (1992) that a fax of a seal is sufficient to establish self-authentication of a certified copy of a public record. If a faxed certified copy is sufficient, why not a xerox copy of a certified copy, as long as the seal on it was darkened before

copying so as to ostensibly show an intent of the clerk that it be an "original" certified copy?

### D. Alternative Methods

In the absence of an "original" certified copy, rule 1005 contemplates a copy compared by a witness with the original document. Only when a person exercising reasonable diligence is unable to obtain a certified copy, or a witness to compare a copy to the original, may alternative methods of proving the contents of the original document be utilized. TEX.R.CRIM.EVID. 1005. Because the method used here was not one of the two specifically mentioned modes, I would hold the State to the burden of showing that it exercised reasonable diligence and was unable to produce a certified copy or a witness to compare a copy with the original.

In this case the faxed certified copy was sent on June 8, 1994. The trial was not held until June 13, 1994. Under these circumstances, when appellant objected to the authentication of the faxed certified copy of the judgment, I would find that the State had a burden of showing reasonable diligence in trying to secure the preferred copies. In the absence of any showing of reasonable diligence, I would hold that the trial court erred in admitting the duplicate certified copy transmitted by fax.[2]

Accordingly, I respectfully dissent.

OLIVER–PARROTT, C.J., and O'CONNOR and ANDELL, JJ., join in this dissent.

---

**2.** It could be argued that the trial objection was confined to lack of authentication (invoking only article IX of the rules), as opposed to lack of best evidence (invoking article X). *See Reed v. State,* 811 S.W.2d 582, 585 n. 11 (Tex.Crim.App.1991) (recognizing three challenges to admissibility of a public record: (1) hearsay; (2) authentication; and (3) best evidence). However, by specific reference to rule 902, which is the pertinent portion of rule 1005, the objection appears sufficient to have alerted the trial court to appellant's complaint.