912 P.2d 1016 (1996)
128 Wash.2d 805
The STATE of Washington, Respondent,
v.
Richard CARSON, Petitioner.
No. 62512-3.
Supreme Court of Washington, En Banc.
March 14, 1996.
*1018 Richard Carson, Airway Heights, Eric M. Christianson, Spokane, for petitioner.
Richard L. Weber, Okanogan County Prosecutor, Okanogan, for respondent.
*1017 SMITH, Justice.
Petitioner Richard Carson seeks review of an unpublished decision by the Court of Appeals, Division Three, affirming his conviction of rape in the first degree in the Superior Court of Okanogan County and a ruling by the trial court which denied Petitioner's motion to dismiss, even though his case was not brought to trial within the sixty days required by the "speedy trial" rule, Superior Court Criminal Rule 3.3. We granted review. We affirm.

QUESTIONS PRESENTED
The questions presented in this case are: (1) whether the trial court acted properly in retroactively granting multiple five-day trial extensions under CrR 3.3, the "speedy trial" rule; and (2) whether Petitioner waived his right to a speedy trial by not objecting when his trial did not begin on the scheduled trial date and the speedy trial period expired before another trial date was set.

STATEMENT OF FACTS
On January 8, 1992, Petitioner Richard Carson was charged in the Okanogan County Superior Court with rape in the first degree.[1] The case came to trial before a jury on May 15, 1992.[2] The jury could not agree on a verdict and the trial judge, the Honorable James R. Thomas, declared a mistrial on May 22, 1992.[3] On June 4, 1992, Judge Thomas signed an order setting a new trial date for July 20, 1992.[4] The court administrator advised counsel and the judge there might be a speedy trial problem with the trial date.[5] The matter was discussed, but no further steps were taken.[6] After discussion, Judge Thomas was under the impression the speedy trial problem had been "taken care of."[7]
Petitioner Carson's case was not brought to trial on July 20, 1992 as scheduled.[8] Neither party sought a continuance and none was granted. Defense counsel, the deputy prosecuting attorney and the trial judge began trial in an unrelated case, State v. Smith, 66 Wash.App. 825, 832 P.2d 1366, on July 21, 1992.[9] That case was not completed until August 3, 1992.[10]
On August 3, 1992, the deputy prosecuting attorney assigned to Petitioner's case set it for a hearing which was held that afternoon.[11] The prosecutor was then of the opinion the speedy trial period began to run on *1019 June 4, 1992, and not May 22, 1992, and that it expired on August 3, 1992.[12] Defense counsel at the hearing moved to dismiss because the state had not brought the case to trial within the sixty days required by CrR 3.3.[13] Defense counsel stated he believed the speedy trial period began to run on the date the mistrial was declared, May 22, 1992, and expired on July 20, 1992.[14] Both the prosecutor and the trial judge then expressed their belief that the sixty-day period expired on July 21, 1992.[15]
Defense counsel indicated he did not object to the initial trial date setting for July 20, 1992 because it was within the sixty-day limit under CrR 3.3.[16] He also said he had no obligation to call to the attention of counsel for the state that the speedy trial period might be running.[17] Defense counsel stated "It's been my understanding all along that the speedy trial period commences as of the date of the mistrial."[18]
The prosecutor asked the court to grant a retroactive continuance based upon unavoidable or unforeseen circumstances as allowed by CrR 3.3(d)(8).[19] The prosecutor also stated that all discussions with the court administrator, Ms. Peggy Melvin, about a trial date for the case centered on Ms. Melvin's belief that the speedy trial period expired on August 5, 1992. He argued "[Ms. Melvin] can also testify that everybody was operating under the mistaken belief that the defendant's speedy trial ran August 5th instead of July 21st."[20] After hearing argument of counsel, the court denied Petitioner Carson's motion to dismiss and granted retroactive five-day continuances to August 5, 1992, the date set for trial.[21]
On August 5, 1992, defense counsel appeared before the court near the end of the court day and moved for a continuance. He argued that he needed more time to prepare the case and to secure a witness.[22] Defense counsel stated his client was willing to waive his speedy trial rights through the middle of October 1992.[23] The trial court denied the motion for continuance. Petitioner Carson's second trial began the following morning on August 6, 1992.[24]
The jury found Petitioner Carson "guilty" of rape in the first degree on August 11, 1992.[25] The court then sentenced him to 102 months.[26] The Court of Appeals, Division Three, affirmed the trial court in an unpublished opinion.[27] This court granted review on May 10, 1995.

DISCUSSION
Petitioner Carson assigns error to the trial court's denial of his motion to dismiss the case based upon a violation of the "speedy trial" rule, CrR 3.3.

Speedy Trial Expiration Date
Petitioner argues that the speedy trial period expired on July 20, 1992.[28] He claims the day the trial court declared a mistrial, May 22, 1992, should be included in calculating *1020 the sixty-day period for beginning a trial under CrR 3.3(d)(3).[29] In making this argument, he compares CrR 3.3(c)(1) to CrR 3.3(d)(3), both of which identify sixty-day periods.
CrR 3.3(c)(1) provides in relevant part "[a] defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment."[30] CrR 3.3(d)(3) provides that the defendant "shall be brought to trial not later than 60 days after the oral order of the court [declaring a mistrial] if the defendant is thereafter detained in jail...."[31] Petitioner claims the difference in the language between the two rules is that one indicates that counting begins after the "date" of arraignment, and that the other indicates it begins after the "oral order," thus indicating that the date of the oral order granting a mistrial is counted.[32] Petitioner cites no authority for this argument. Nor is the argument logical.
CrR 3.3(d)(3) provides:
(d) Extensions of Time for Trial. The following extensions of time limits apply notwithstanding the provisions of section (c):[33]
. . . .
(3) Mistrial and New Trial. If before verdict the superior court orders a mistrial, the defendant shall be brought to trial not later than 60 days after the oral order of the court if the defendant is thereafter detained in jail....

(Emphasis added.)
"When interpreting court rules, the court approaches the rules as though they had been drafted by the Legislature. We thus apply principles of statutory construction in interpreting CrR 3.3."[34] Under general principles of statutory construction, when interpreting a rule, the court must give effect to the plain meaning of the rule's language.[35] CrR 3.3(d)(3) plainly states that trial must be held within sixty days after the trial court orders a mistrial. Logically, the speedy trial period begins to run from the date the trial court orally declares a mistrial. The first day counted against the sixty-day trial period is the day after the oral order.[36] Petitioner's argument to the contrary is without merit.[37] Respondent State correctly asserts the speedy trial period expired on July 21, 1992 instead of on July 20, 1992 as claimed by Petitioner.[38]

Trial Extensions Under CrR 3.3(d)(8)
Petitioner contends the trial court had no authority to grant multiple trial extensions retroactively under CrR 3.3(d)(8).[39]

Unavoidable or Unforeseen Circumstances
Specifically, Petitioner claims there were no unavoidable or unforeseen circumstances beyond the control of the court or the parties to justify the court's granting trial extensions under CrR 3.3(d)(8).[40] He argues the speedy *1021 trial problems were not unforeseen or unavoidable because the court administrator had informed all counsel and the judge of the potential speedy trial problem; other attorneys were available to try the case; the court could have obtained other judges or courtrooms; the court could have continued the Smith trial and ordered this trial to proceed; and the actual reason extensions were granted was that Respondent had miscalculated the speedy trial expiration date.[41]
Respondent contends unavoidable and unforeseen circumstances did exist because defense counsel, the prosecutor and the judge assigned to this case were in fact unavailable for the reason that they were all engaged in another trial in the same court and also because there was confusion about the speedy trial expiration date.[42]
CrR 3.3(d)(8) provides in pertinent part that:
When a trial is not begun on the date set because of unavoidable or unforeseen circumstances beyond the control of the court or the parties, the court, even if the time for trial has expired, may extend the time within which trial must be held....

(Emphasis added.)
The decision of a trial court in granting an extension under CrR 3.3(d)(8) is reviewed only for abuse of discretion.[43] The trial court abuses its discretion if its decision is based upon untenable grounds or upon untenable reasons.[44]
Our courts of appeal have consistently held that unavailability of counsel may constitute unforeseen or unavoidable circumstances to warrant a trial extension under CrR 3.3(d)(8).[45] The record in this case does not indicate why Petitioner was not brought to trial on July 20, 1992. But both counsel and the trial judge involved in the case were in fact unavailable from July 21, 1992 to August 3, 1992 because they were participating in another case. Their unavailability under these circumstances constitutes an "unavoidable circumstance" under CrR 3.3(d)(8).
The record also shows there was a mistaken belief[46] about the speedy trial expiration date. At the hearing on August 3 and 4, 1992, the prosecutor argued that during discussions about the potential speedy trial problem in Petitioner Carson's case, everyone, including the court and both counsel, mistakenly believed the speedy trial period expired on August 5, 1992.[47] However, defense counsel later contended he knew all along when the speedy trial period expired, but that he had no obligation to tell anyone about it.[48]
The court is ultimately responsible for ensuring a speedy trial for the defendant under CrR 3.3.[49] But counsel for a defendant bears some responsibility for asserting CrR 3.3 rights of a client and assuring compliance with the rule before the speedy trial *1022 period expires.[50] The superior court speedy trial rules were promulgated to give the defendant a prompt trial once prosecution is initiated.[51] "[They] were not designed to be a trap for the unwary."[52]
In this case, the trial court and the prosecutor evidently miscalculated the speedy trial expiration date. They did not deliberately create a delay to oppress Petitioner.[53] Petitioner's counsel acknowledged he knew all along when the speedy trial period expired. When the trial in State v. Smith was begun on July 21, 1992, defense counsel knew Petitioner's case would not be set within the 60 days required by CrR 3.3, but he did not object. He did not assert his client's CrR 3.3 rights nor notify the court or the State of his intent to rely on CrR 3.3 until almost two weeks after the speedy trial period had expired.[54] Counsel for Petitioner also argues other attorneys could have tried Petitioner Carson's case, but, as the Court of Appeals recognized, "[he] did not object however to the court proceeding with the Smith case nor did he insist on Mr. Carson's right to a speedy trial or advise the court that another lawyer in his office was available to try the case."[55]
Because of the unavailability of both counsel and the trial judge, the mistaken belief about the speedy trial expiration date, and because defense counsel did not advise the court or Respondent of his intent to rely on the speedy trial rule before the speedy trial period expired, there were unavoidable circumstances beyond the control of the court or parties to justify trial extensions under CrR 3.3(d)(8).

Multiple Retroactive Trial Extensions
Petitioner contends CrR 3.3(d)(8) does not authorize retroactive granting of multiple trial extensions.[56] In this case, the trial court on August 4, 1992 granted multiple extensions retroactively to extend the trial date from July 21, 1992 to August 5, 1992. Respondent argues the trial court acted within its discretion in retroactively granting such extensions under CrR 3.3(d)(8).[57]
CrR 3.3(d)(8) provides for extension of time by the court when unavoidable or unforeseen circumstances exist beyond the control of the court or the parties:
[E]ven if the time for trial has expired, may extend the time within which trial must be held for no more than 5 days exclusive of Saturdays, Sundays, or holidays unless the defendant will be substantially prejudiced in his or her defense.... If the nature of the unforeseen or unavoidable circumstance continues, the court may extend the time for trial in increments of not to exceed 5 days exclusive of Saturdays, Sundays, or holidays unless the defendant will be substantially prejudiced in his or her defense.
(Emphasis added.)
CrR 3.3(d)(8) provides initially for only one extension of five days, even if the time for trial has expired, when unforeseen or unavoidable circumstances exist beyond the control of the court or parties and the defendant is not substantially prejudiced. But, when the unforeseen or unavoidable circumstance continues, the trial court may then extend the time for trial in increments of "not to exceed five days." The plural word "increments" implies more than one extension. It follows, then, that CrR *1023 3.3(d)(8) authorizes the court to grant multiple retroactive trial extensions to meet the speedy trial requirement. But because CrR 3.3(d)(8) does not directly address retroactive granting of multiple trial extensions, we must determine whether the trial court abused its discretion in granting multiple trial extensions retroactively. This court has stated that:[58]
Where the rules are unclear, the defendant is not prejudiced by a minor delay, and the defendant has not informed the prosecutor of his or her intent to rely on the rules before the speedy trial period has expired, we will not direct a dismissal of the charges.
Rule CrR 3.3(d)(8) does not clearly address multiple retroactive trial extensions. But Petitioner Carson has not shown the delay prejudiced his defense. The delay of twelve days, exclusive of Saturdays, Sundays and holidays, was minor. Petitioner did not inform the prosecutor of his intent to rely on the speedy trial rule until August 3, 1992, thirteen days after expiration of the speedy trial period. The trial court did not err in denying Petitioner's motion to dismiss and acted within its discretion in retroactively granting multiple trial extensions.

Waiver Of Speedy Trial Right Under CrR 3.3
Petitioner also contends he was not obligated to object to the trial date of July 20, 1992 because it was within the sixty days required under CrR 3.3(d)(3).
CrR 3.3(f)(2) provides in pertinent part that:
A party who objects to the date set upon the ground that it is not within the time limits prescribed by this rule must, within 10 days after the notice is mailed or otherwise given, move that the court set a trial within those time limits. Failure of a party, for any reason, to make such a motion shall be a waiver of the objection that a trial commenced on such date, or on an extension of such date properly granted pursuant to this rule, is not within the time limits prescribed by this rule.
(Emphasis added.)
CrR 3.3(f) only imposes a duty upon a party to object to a trial date set beyond the time limits of CrR 3.3. In this case, the initial trial date of July 20, 1992 was set within the sixty days required by CrR 3.3. Petitioner Carson is correct in contending he had no duty to object to that initial trial date of July 20, 1992 under CrR 3.3(f)(1). However, several Court of Appeals decisions have held that defendants effectively waive their right to speedy trial under CrR 3.3 if they do not raise the issue when action could still be taken to avoid a speedy trial violation.[59]
Defense counsel has some responsibility for timely asserting a client's speedy trial rights under CrR 3.3. In this case, defense counsel was aware of the speedy trial expiration date. When Petitioner Carson's case did not begin on July 20, 1992 as scheduled and the Smith case began on July 21, 1992, defense counsel, who was also defense counsel in the Smith case, knew Petitioner Carson's case would not be reset within the speedy trial period. Defense counsel did not call attention of the court to the speedy trial violation until thirteen days after the speedy trial expiration date. Defense counsel asserted Petitioner Carson's speedy trial rights under CrR 3.3 only when he knew the trial court could not take action to avoid violation of the rule.
*1024 Under the facts in this case, Petitioner Carson waived his speedy trial right under CrR 3.3 by not objecting when his trial did not begin on the scheduled trial date and the speedy trial period expired before another trial date was set.

Commencement of Trial
Petitioner Carson complains that no extension of time was granted for the one day between August 5, 1992, the extended date set for trial, and August 6, 1992, "the date the trial began."[60] Respondent claims an extension from August 5 to August 6 is supported by the record because the court had jury paneling concerns and defense counsel on August 5 moved for a continuance.[61]
Both parties agree the trial actually began on August 6, 1995. However, for speedy trial purposes, a trial commences when the case is assigned or called for trial and the trial court hears and disposes of preliminary motions.[62] Disposition of preliminary motions is a customary and practical phase of a trial. In this case, on August 5, 1992, the date set for trial, defense counsel appeared before the court and moved for a continuance. The trial court denied the motion. From this we conclude the trial actually commenced on August 5, 1992. Under this circumstance, there was no necessity for a one-day extension from August 5 to August 6.

Right To Speedy Trial
Petitioner Carson claims his constitutional right to a speedy trial under the United States Constitution[63] and the Washington Constitution[64] were violated because his trial was not held within the sixty days required under CrR 3.3(c)(1) and there was no justification for not complying with the rule.[65] "Trial within 60 days is not a constitutional mandate."[66] There is "no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months."[67] Unavoidable circumstances justified the court granting trial extensions under CrR 3.3(d)(8). There was no violation of Petitioner's right to a speedy trial under the United States Constitution and Const. art. I, § 22 (amend. 10).

Double Jeopardy
Petitioner Carson also argues he was subjected to double jeopardy when his first trial ended in a mistrial on May 22, 1992 and he was retried for the same offense on August 5, 1992. Both the United States and Washington State constitutions protect persons against double jeopardy. The United States Constitution guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."[68] The Washington State Constitution guarantees that "No person shall ... be twice put in jeopardy for the same offense."[69] However, when a jury is discharged because it is unable to reach a verdict on a criminal charge, as in this case, that event does not bar retrial on the charge under the double jeopardy clauses.[70] "[N]either this court nor the United States Supreme Court has ever *1025 held that a hung jury bars retrial under the double jeopardy clauses of either the Fifth Amendment or Const. art. 1, § 9."[71] Petitioner Carson was not subjected to double jeopardy.

SUMMARY AND CONCLUSIONS
Under general principles of statutory construction, the court must give meaning to the plain language of a rule. CrR 3.3(d)(3) plainly states the speedy trial period expires within sixty days after the trial court orders a mistrial. Thus, the speedy trial period in this case expired on July 21, 1992, sixty days after the trial court ordered a mistrial on May 22, 1992.
The trial court acted within its discretion in granting multiple trial extensions in increments of five days retroactively under CrR 3.3(d)(8). There were unavoidable circumstances beyond the control of the court or parties to justify trial extensions because both counsel were unavailable, the trial judge was unavailable, there was confusion about the speedy trial expiration date, and defense counsel did not notify the state and the court of his intent to rely on the speedy trial rule before the speedy trial period expired. Although CrR 3.3(d)(8) does not specifically authorize the granting of multiple trial extensions retroactively, authority to grant such extensions may be implied from its language. The trial court acted properly in granting the extensions because CrR 3.3(d)(8) is unclear, Petitioner was not prejudiced by the minor delay, and Petitioner did not inform the prosecutor of his intent to rely on the speedy trial rule before the period expired.
Petitioner waived his speedy trial right under CrR 3.3 by not objecting when his trial did not begin on the scheduled trial date and the speedy trial period expired before another trial date was set. Petitioner is correct in arguing the initial trial date was within the speedy trial period and CrR 3.3(f) only imposes a duty on the defendant to object to a trial date set outside the speedy trial period. However, Petitioner must raise a speedy trial issue at a time when the court can take action to avoid a violation. Petitioner did not timely assert this issue and thus waived it.
Trial commenced on August 5, 1992 when defense counsel appeared before the court and moved for a continuance which was denied. For speedy trial purposes, a trial commences when the case is called or assigned and the trial court hears and decides preliminary motions.
Petitioner's right to a speedy trial under the United States and Washington constitutions was not violated. There is no constitutional right to a speedy trial within sixty days. Unavoidable circumstances justified the trial court granting extensions under CrR 3.3(d)(8).
Petitioner was not subjected to double jeopardy when his first trial ended in a mistrial and he was retried for the same offense. When a jury is discharged because it cannot reach a verdict on a criminal charge, as in this case, that event does not bar retrial on the charge under the double jeopardy clauses of the United States and Washington constitutions.
We affirm the decision of the Court of Appeals, Division Three, which affirmed Petitioner Richard Carson's conviction of rape in the first degree in the Superior Court of Okanogan County and a ruling by the trial court which denied Petitioner's motion to dismiss.
DURHAM, C.J., and DOLLIVER, GUY, JOHNSON and TALMADGE, concur.
SANDERS, J., did not participate.
PEKELIS, Judge Pro Tem.[*] (concurring).
I concur with the majority opinion because I believe the trial court's grant of retroactive five-day extensions of the speedy trial period due to unavoidable circumstances is sustainable. *1026 I am concerned, however, that the majority has extended a defendant's responsibility to assert his right to a speedy trial far beyond that demanded by case authority, in effect eviscerating the speedy trial rule. Under the majority analysis, in order for a defendant to take advantage of the speedy trial rule codified in CrR 3.3, he or she must be responsible throughout all stages of the proceedings for ensuring that the trial commences within the appropriate period.
The majority, relying on court of appeals decisions, asserts the proposition that "defendants effectively waive their right to speedy trial under CrR 3.3 if they do not raise the issue when action could still be taken to avoid a speedy trial violation." Majority at 1023. In each of the decisions cited that find a waiver, however, the defendant had failed to object when the trial date had either been set or reset beyond the speedy trial period, thus triggering the defendant's responsibility to object under the express terms of CrR 3.3.[1]State v. Malone, 72 Wash.App. 429, 432, 864 P.2d 990 (1994) (defendant did not object within 10 days of initial trial date set beyond speedy trial period as required by CrR 3.3(f)(1)); State v. Becerra, 66 Wash.App. 202, 205, 831 P.2d 781 (1992) (defendant did not object to trial being continued to date beyond speedy trial period); State v. Austin, 59 Wash.App. 186, 196, 796 P.2d 746 (1990) (defendant did not make timely objection to trial date being reset beyond speedy trial period).
Inexplicably, the majority also rests its waiver analysis on a case with nearly indistinguishable facts from the present case in which the court rejected that very analysis. Majority at 1023 n. 59 (citing State v. Raper, 47 Wash.App. 530, 538, 736 P.2d 680, review denied, 108 Wash.2d 1023 (1987)). In Raper, as in the present case, the initial trial date was set within the speedy trial period. 47 Wash.App. at 531-32, 736 P.2d 680. On the final day of the speedy trial period, defense counsel appeared in court, but the case was not called for trial. Id. at 531, 538, 736 P.2d 680. Defense counsel did not inform the court that the speedy trial period was due to expire that day. Id. at 538, 736 P.2d 680. Three days after expiration of the speedy trial period, defense counsel learned of the speedy trial violation and moved for dismissal. Id. The Raper court upheld a five-day retroactive extension of the speedy trial period granted by the trial court but found "meritless the State's argument that Raper waived his speedy trial right by not objecting to a trial date violative of CrR 3.3 before the expiration of the CrR 3.3 time period." Id. at 539, 736 P.2d 680.
These opinions are therefore consistent with CrR 3.3, which allocates responsibility to a defendant only when the trial date is set or reset beyond the prescribed time limits. Moreover, we have recently declined to review court of appeals opinions, not cited by the majority, that hold that a defendant's duty extends no further. In State v. Jenkins, 76 Wash.App. 378, 383, 884 P.2d 1356 (1994), review denied, 126 Wash.2d 1025, 896 P.2d 64 (1995), the court held that the defendant did not have a duty to raise a speedy trial issue before expiration of the speedy trial date where the trial date had never been set. Likewise, in State v. Lemley, 64 Wash.App. 724, 726-28, 828 P.2d 587, review denied, 119 Wash.2d 1025, 838 P.2d 690 (1992), the court held that the defendant did not waive his speedy trial objection where the initial date was set within the speedy trial period, trial neither commenced nor was reset within the period, and the defendant did not object until after the speedy trial period had expired.
As the majority correctly points out, defense counsel bears some responsibility for assuring that a defendant is brought to trial within the speedy trial period. Majority at 1022 n. 50 (citing State v. White, 94 Wash.2d 498, 502-03, 617 P.2d 998 (1980); State v. Malone, 72 Wash.App. 429, 433, 864 P.2d 990 (1994); State v. Raper, 47 Wash.App. 530, 538, 736 P.2d 680, review denied, 108 Wash.2d 1023 (1987)). However, the recognition that a defendant has some responsibility derived from a reading of CrR 3.3, which *1027 establishes circumstances under which a defendant is obliged to object to a speedy trial violation. By adopting a blanket rule that a defendant must object when his trial does not begin on time when the trial date has been set within the speedy trial period, the majority extends a defendant's duties beyond that envisioned by CrR 3.3 and beyond that demanded by common sense. Must a defendant object on the penultimate day of the speedy trial period if it appears that the trial will not actually proceed the next day? Must a defendant object if there is a 60 percent chance that the trial will not proceed? Must a defendant object if the case is never called or set for trial at all? Entering this morass is unnecessary if we are faithful to CrR 3.3 and its interpretation by existing case law.
In extending a defendant's responsibilities as the majority does here, the court and prosecutor are relieved of any responsibility to see that a defendant is brought to trial within the speedy trial period.[2] This is in direct contradiction to the dictates of CrR 3.3 and prior cases, which, as the majority acknowledges, establish that it is the court that is primarily responsible for assuring that the speedy trial requirements are satisfied. Majority at 1021; CrR 3.3 ("It shall be the responsibility of the court to ensure a trial in accordance with this rule...."); State v. White, 94 Wash.2d 498, 503, 617 P.2d 998 (1980) (court has "ultimate responsibility" to select proper trial date); cf. State v. Jenkins, 76 Wash.App. 378, 383, 884 P.2d 1356 (1994) (as between defendant and the State, the State has primary duty to see that defendant is tried in timely manner), review denied, 126 Wash.2d 1025, 896 P.2d 64 (1995). Accordingly, I would adhere to the courts' prior interpretations of CrR 3.3 and hold that a defendant has a duty to object only when a trial is set or reset beyond the speedy trial period.
If we are intent on eroding this judicially created court rule to the point where it no longer serves any purpose, we should consider eliminating it altogether, leaving a defendant with the more flexible constitutional guaranty of a speedy trial. If, on the other hand, we wish to retain the rule, we should be prepared to abide by its language.
Finally, I also disagree with the majority's reasoning that a trial begins on the day when a motion for a continuance is heard. For speedy trial purposes, a trial begins when the case is assigned or called for trial and the trial court hears and disposes of preliminary motions. However, characterizing a motion for a continuance as a "preliminary motion" to a trial makes the stringent standards for granting five-day extensions set out in CrR 3.3 superfluous, providing yet another means of circumventing the speedy trial rule. If presenting a motion for a continuance signifies the beginning of the trial, it follows that the trial is considered as having begun whether the continuance is granted or denied. In this manner, a judge may grant a continuance on the final day of the speedy trial period, ignoring the rule requiring a finding of a delay due to unavoidable circumstances. Under the majority's reasoning, there would be no speedy trial problem as the trial is considered to have already begun. This result not only defies common sense but is not supported by the authority cited.
In all the cases cited by the majority, the matter had been called for trial and the court addressed motions relating to the comportment of the trial. State v. Andrews, 66 Wash.App. 804, 806-08, 832 P.2d 1373 (1992) (consolidated cases all involving cases called for trial, and court heard motions to exclude witnesses), review denied, 120 Wash.2d 1022, 844 P.2d 1017 (1993); State v. Redd, 51 Wash.App. 597, 599-600, 754 P.2d 1041 (case assigned to trial, and court heard motions to sever trial, to sever defendants, and to disclose identity of confidential informant), review denied, 111 Wash.2d 1007 (1988); State v. Mathews, 38 Wash.App. 180, 181, 685 P.2d 605 (case sent down from presiding court for trial, and court heard motions to amend information and to exclude prior convictions), review denied, 102 Wash.2d 1016 (1984). In contrast, the motion heard by the *1028 trial court in this case was one solely relating to whether the trial should commence at all. Nor is there any indication in the record that the case had been called for trial. Indeed, as the majority recognizes, both the State and Carson believe that the trial began on August 6th, the day after the majority believes the trial began.
Although trial and appellate courts should not have to decide whether a motion is substantive or pro forma, a motion for a continuance simply cannot be considered in the same category as the trial motions considered in our previous cases. Consequently, I would hold that where the case has not been called for trial and where the "preliminary" motion relates solely to the date of commencement for the trial, the trial has not begun for purposes of speedy trial calculations.
Nevertheless, I concur in the result because Carson ultimately waived his objection based on the speedy trial rule.[3] On the final day of the speedy trial period, it was defense counsel who moved for a continuance of over three weeks. Defense counsel asserted that he would like additional time to prepare the case and to locate a defense witness. Verbatim Report of Proceedings (August 5, 1992) at 4-5. Defense counsel also stated that Carson would be willing to waive a speedy trial objection for an additional two months. Id. at 5. Given Carson's request for a continuance and offer to waive speedy trial objections, in part because the defense was not sufficiently prepared to begin trial, he cannot now complain of a one-day continuance to which he did not object.
ALEXANDER and MADSEN, JJ., concur.
NOTES
[1] Clerk's Papers at 8-9.
[2] Br. of Appellant at 2.
[3] Id. at 3.
[4] Verbatim Report of Proceedings, June 4, 1992, at 2.
[5] Verbatim Report of Proceedings, August 3, 1992, at 5, 14-15.
[6] Id.
[7] Verbatim Report of Proceedings, August 3, 1992, at 15.
[8] Br. of Pet'r at 3.
[9] Id. at 4.
[10] Id. at 2.
[11] Verbatim Report of Proceedings, August 3, 1992, at 2. The hearing continued and ended on August 4, 1992. Verbatim Report of Proceedings, August 4, 1992, at 2.
[12] Verbatim Report of Proceedings, August 4, 1992, at 4, 7.
[13] Verbatim Report of Proceedings, August 3, 1992, at 2.
[14] Id.
[15] Id.
[16] Verbatim Report of Proceedings, August 3, 1992, at 16-17; Verbatim Report of Proceedings, August 4, 1992, at 7-9.
[17] Id.
[18] Verbatim Report of Proceedings, August 4, 1992, at 8.
[19] Id. at 2-7.
[20] Id. at 7.
[21] Id. at 9-13.
[22] Verbatim Report of Proceedings, August 5, 1992, at 2, 4-5.
[23] Id. at 4-5.
[24] Verbatim Report of Proceedings, August 5, 1992, at 10.
[25] Clerk's Papers at 1-2.
[26] Id.
[27] Court of Appeals, Division Three, Opinion No. 12955-1-III, December 15, 1994.
[28] Br. of Appellant at 6.
[29] Id.
[30] Emphasis added.
[31] Emphasis added.
[32] Br. of Appellant at 6.
[33] Section (c) of CrR 3.3 provides for time of arraignment and trial.
[34] State v. Greenwood, 120 Wash.2d 585, 592, 845 P.2d 971 (1993) (citing State v. McIntyre, 92 Wash.2d 620, 622, 600 P.2d 1009 (1979)); State ex rel. Schillberg v. Everett Dist. Justice Court, 90 Wash.2d 794, 797, 585 P.2d 1177 (1978).
[35] Department of Licensing v. Lax, 125 Wash.2d 818, 822, 888 P.2d 1190 (1995).
[36] See 2 American Bar Ass'n, Standards for Criminal Justice, Std. 12-2.2(c), at 12-17 (2d ed. 1980 & Supp.1986) ("if the defendant is to be tried again following a mistrial ... then the time for trial should commence running from the date of the mistrial....") (Emphasis added.); see generally State v. Aleshire, 89 Wash.2d 67, 69, 568 P.2d 799 (1977).
[37] Petitioner also argues that no extension was granted from July 20, 1992, the day he claims the speedy trial period expired, to July 21, 1992, the day the court began its series of extensions. Br. of Appellant at 15. The speedy trial period expired on July 21, 1992. No extension was needed for the July 20 to July 21 period.
[38] Br. of Resp't at 6-7.
[39] Br. of Appellant at 8-11, 16-20.
[40] Id. at 8-11.
[41] Id.
[42] Br. of Resp't at 10-11.
[43] State v. Terrovona, 105 Wash.2d 632, 651, 716 P.2d 295 (1986), cert. denied, 499 U.S. 979, 111 S.Ct. 1631, 113 L.Ed.2d 726 (1991); State v. Campbell, 103 Wash.2d 1, 14, 691 P.2d 929 (1984), cert. denied, 471 U.S. 1094, 105 S.Ct. 2169, 85 L.Ed.2d 526 (1985).
[44] Davis v. Globe Mach. Mfg. Co., 102 Wash.2d 68, 77, 684 P.2d 692 (1984).
[45] State v. Watkins, 71 Wash.App. 164, 175, 857 P.2d 300 (1993); State v. Kelley, 64 Wash.App. 755, 767, 828 P.2d 1106 (1992); State v. Raper, 47 Wash.App. 530, 539, 736 P.2d 680, review denied, 108 Wash.2d 1023 (1987); State v. Stock, 44 Wash.App. 467, 472, 722 P.2d 1330 (1986); State v. Brown, 40 Wash.App. 91, 94, 697 P.2d 583, review denied, 103 Wash.2d 1041 (1985); State v. Eaves, 39 Wash.App. 16, 20, 691 P.2d 245 (1984); State v. Palmer, 38 Wash.App. 160, 162, 684 P.2d 787 (1984).
[46] See State v. Raper, 47 Wash.App. at 538, 736 P.2d 680 (trial court's reliance on erroneous speedy trial expiration date constituted a reasonably unavoidable or unforeseen circumstance justifying an extension under CrR 3.3(d)(8)).
[47] Verbatim Report of Proceedings, August 4, 1992, at 7.
[48] Id. at 8. The record does not indicate exactly when defense counsel found out about the speedy trial expiration date.
[49] CrR 3.3(a) provides:

"(a) Responsibility of Court. It shall be the responsibility of the court to ensure a trial in accordance with this rule...."
[50] See State v. White, 94 Wash.2d 498, 502-03, 617 P.2d 998 (1980); State v. Malone, 72 Wash. App. 429, 433, 864 P.2d 990 (1994); State v. Raper, 47 Wash.App. at 538, 736 P.2d 680.
[51] State v. Greenwood, 120 Wash.2d 585, 594, 845 P.2d 971 (1993) (citing State v. Edwards, 94 Wash.2d 208, 216, 616 P.2d 620 (1980)).
[52] State v. Fladebo, 113 Wash.2d 388, 394, 779 P.2d 707 (1989).
[53] To the contrary. The record shows the deputy prosecuting attorney wanted an initial trial date set shortly after the mistrial was declared, but his request was denied. Verbatim Report of Proceedings, June 4, 1992, at 2; Verbatim Report of Proceedings, August 4, 1992, at 4.
[54] Verbatim Report of Proceedings, August 3, 1992, at 2.
[55] Court of Appeals, Division Three, Opinion No. 12955-1-III, December 15, 1994, p. 3.
[56] Id. at 17-20.
[57] Id. at 13-14.
[58] State v. Fladebo, 113 Wash.2d at 394, 779 P.2d 707.
[59] State v. Malone, 72 Wash.App. at 435-37, 864 P.2d 990 (1994) (counsel for defendant had a duty to investigate those easily ascertainable facts relevant to setting the trial date within the speedy trial period. Not timely asserting the defendant's speedy trial right because of a failure to discover easily ascertainable facts constituted a waiver); State v. Becerra, 66 Wash.App. 202, 206, 831 P.2d 781 (1992) (criminal defendant waived speedy trial objection by not raising issue at a time when the trial court could take action to avoid violation of the speedy trial rule); State v. Austin, 59 Wash.App. 186, 796 P.2d 746 (1990) (criminal defendant waived right to speedy trial by not raising the issue until after it was too late to commence the trial within the speedy trial period); see also State v. Raper, 47 Wash.App. at 538, 736 P.2d 680 (defense counsel has some responsibility to timely assert his client's CrR 3.3 rights).
[60] Br. of Appellant at 15.
[61] Br. of Resp't at 7.
[62] State v. Andrews, 66 Wash.App. 804, 810, 832 P.2d 1373 (1992), review denied, 120 Wash.2d 1022, 844 P.2d 1017 (1993); State v. Redd, 51 Wash.App. 597, 608, 754 P.2d 1041, review denied, 111 Wash.2d 1007 (1988); State v. Mathews, 38 Wash.App. 180, 183, 685 P.2d 605, review denied, 102 Wash.2d 1016 (1984).
[63] The Sixth Amendment provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...."
[64] Const. art. I, § 22 (amend. 10) states in relevant part that "In all criminal prosecutions the accused shall have the right to ... have a speedy public trial...."
[65] Pet'r's Pro Se Supp.Br. at 3-6.
[66] State v. Terrovona, 105 Wash.2d at 651, 716 P.2d 295; State v. Campbell, 103 Wash.2d at 15, 691 P.2d 929.
[67] Barker v. Wingo, 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101 (1972).
[68] U.S. Const. amend. V.
[69] Const. art. I, § 9.
[70] State v. Russell, 101 Wash.2d 349, 351, 678 P.2d 332 (1984).
[71] Id. (citing United States v. Perez, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824); Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); and State v. Jones, 97 Wash.2d 159, 641 P.2d 708 (1982)). See also State v. Connors, 59 Wash.2d 879, 883, 371 P.2d 541 (1962).
[*] Justice Rosselle Pekelis is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. IV, § 2(a) (amend. 38).
[1] CrR 3.3 states that a defendant waives any objection that a trial did not begin within the speedy trial period outlined by the rule if the defendant does not object within 10 days of the trial being set or being reset beyond the prescribed time limits. CrR 3.3(f)(1), (2).
[2] Indeed, the majority goes so far as to imply that any failure to bring a defendant to trial within the speedy trial period is excusable unless the court and prosecutor "deliberately create a delay to oppress" the defendant. Majority at 1022. The majority cites no authority indicating that deliberate oppression is in any way relevant to our analysis, nor am I aware of any.
[3] The waiver here refers only to the one-day differential not covered by the retroactive five-day extensions, not to the expiration of the original speedy trial period. As I have discussed, Carson did not waive his objection to the initial speedy trial problem.