IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Barton Woods Homeowners Association, Inc., | ) | MEMORANDUM DECISION |
| | ) | |
| | ) | Case No. 20110069-CA |
| Plaintiff and Appellee, | ) | |
| | ) | |
| v. | ) | F I L E D |
| | ) | (April 26, 2012) |
| Dena Stewart and John Does 1-10, | ) | |
| | ) | 2012 UT App 129 |
| Defendants and Appellant. | ) | |

-----

Second District, Farmington Department, 070700680
The Honorable Robert J. Dale

Attorneys:     E. Craig Smay, Salt Lake City, for Appellant
               Richard J. Armstrong and Brinton M. Wilkins, Salt Lake City, for
               Appellee

-----

Before Judges Voros, Thorne, and Roth.

ROTH, Judge:

¶1     Defendant Dena Stewart appeals the district court's dismissal of the underlying lawsuit.  We affirm.

¶2     Plaintiff Barton Woods Homeowners Association, Inc. (the HOA) filed a complaint against Stewart, seeking to enforce restrictive covenants, conditions, and restrictions (the CC&Rs) that governed property she then owned in a planned development.  According to the HOA, Stewart violated the CC&Rs by making certain

cosmetic alterations to the property that were contrary to established standards of the development and without prior approval from the HOA. Stewart answered the HOA's complaint, admitting that she had made the alterations without requesting prior approval. She asserted in her defense, however, that the CC&Rs did not give the HOA authority to regulate the kind of alterations she had made or, alternatively, that the HOA had lost the authority to enforce the CC&Rs by abandonment or due to arbitrary enforcement. Stewart also pleaded two counterclaims, both of which were founded on her ownership of the property. First, on the basis that the CC&Rs ran with the property and were "directly enforceable" by her, Stewart demanded that the HOA enforce the CC&Rs against other property owners in a manner consistent with the way that it sought to enforce the CC&Rs against her. And, second, she alleged that the HOA had encroached on her property, apparently by approving construction projects by adjacent lot owners that intruded onto her lot.

¶3      The HOA and Stewart both moved for summary judgment. In considering the parties' motions, the court concluded that the CC&Rs granted the HOA authority to regulate the alterations Stewart had made to her property. However, the court declined to grant summary judgment to either party, concluding that there remained "genuine issue[s] of material fact as to whether the [CC&Rs] have been abandoned or arbitrarily enforced."

¶4      In addition to its complaint, the HOA filed a lis pendens on Stewart's property. Stewart filed a separate motion to strike the lis pendens from county records, arguing that the nature of the HOA's claims did not permit the filing of a lis pendens. In the course of addressing the parties' cross-motions for summary judgment, the district court also considered and denied Stewart's motion to strike, concluding that it was appropriate for the HOA to file the lis pendens in this case.

¶5      Stewart later filed a renewed motion for summary judgment on the issue of whether the HOA had abandoned or arbitrarily enforced the CC&Rs, but the district court again concluded that "genuine issues of material fact exist as to the issues of abandonment and discriminatory enforcement of the" CC&Rs. The district court denied Stewart's subsequent motion for reconsideration.

¶6    At about that point in the proceedings, Stewart filed for bankruptcy.  In the course of the bankruptcy proceedings, she surrendered her property to the lender who held the mortgage, and the property was later sold at a foreclosure sale.  The purchaser corrected the unapproved alterations Stewart had made, bringing the property, in the HOA's judgment, into compliance with the CC&Rs.

¶7    Following the sale of the property and the resolution of its complaints, the HOA moved to dismiss both its claims and Stewart's counterclaims.  The HOA argued that because Stewart no longer owned the property and the nonconforming alterations had been remedied, its own claims were moot.  It also argued that because Stewart no longer owned the property, she no longer had standing to allege her claims against the HOA, which were premised on her status as an owner of property within the development.  Stewart also renewed her motion for summary judgment for a third time, this time challenging the district court's prior legal conclusion that the CC&Rs gave the HOA authority to regulate the alterations Stewart had made to her property.

¶8    At the hearing on the HOA's motion to dismiss and Stewart's renewed motion for summary judgment, Stewart conceded that because she "no longer own[ed] the property," she no longer had standing to pursue either of her counterclaims.  However, Stewart again urged the district court to reconsider its interpretation of the CC&Rs.  Specifically, Stewart argued that she wanted "a correct declaration of the . . . [CC&Rs]" and "based upon that declaration . . . [she requested an] award . . . [of] her [attorney] fees" under an attorney fees provision within the CC&Rs, which fees she asserted she was entitled to due to the HOA's misapplication and wrongful enforcement of the CC&Rs.  Stewart further argued that, in addition to being awarded attorney fees, such a decision would "leave her in a position to make a future claim, should she wish to pursue it, for wrongful proceedings."  According to Stewart, such a claim would arise out of the HOA's misapplication and wrongful enforcement of the CC&Rs as well as the HOA's wrongful filing of a lis pendens on her property, which, she asserted, "prevented her from selling her house at its value" before the "cataclysmic decline in property values" and forced her into bankruptcy and foreclosure.  Stewart, however, conceded to the district court that such a "claim has not yet been alleged" or pleaded.

¶9    The district court determined that both parties had stipulated to the dismissal of their claims, Stewart having conceded that she did not have standing to pursue her counterclaims and the HOA having asserted that its claims had been mooted by the sale of the property. *See generally Brown v. Division of Water Rights*, 2010 UT 14, ¶¶ 12-21, 228 P.3d 747 (explaining the requirements of standing); *Merhish v. H.A. Folsom & Assocs.*, 646 P.2d 731, 732 (Utah 1982) ("If the requested judicial relief cannot affect the rights of the litigants, the case is moot and a court will normally refrain from adjudicating it on the merits." (internal quotation marks omitted)). The district court therefore reasoned that any further decision with respect to Stewart's arguments concerning the authority granted by the CC&Rs and whether that authority had been abandoned or arbitrarily enforced would essentially be an "advisory opinion" made simply for the purpose of "substantiat[ing] an award of attorney[] fees and costs." *See generally Merhish*, 646 P.2d at 732 ("The strong judicial policy against giving advisory opinions dictates that courts refrain from adjudicating moot questions."). The court further stated that it could not "keep this case alive by forcing the [HOA], wh[ich] wants to dismiss its complaint, to keep that complaint in effect in this case so that we can get an advisory opinion . . . as to whether, ultimately, the [HOA] properly or improperly tried to enforce its [CC&Rs] against [Stewart]," particularly where Stewart's alleged losses had not been pleaded as part of this action. Accordingly, the district court dismissed the HOA's claims and Stewart's counterclaims, and it declined to disturb its previous decision that the CC&Rs granted the HOA authority to regulate the cosmetic alterations Stewart had made to her property. *See id.* at 733 ("Once a controversy has become moot, a trial court should enter an order of dismissal.").

¶10   On appeal, Stewart focuses her argument on the district court's interpretation of the CC&Rs. In particular, she argues that the CC&Rs do not authorize the HOA to regulate the kind of cosmetic alterations she made to her property. Stewart goes on to assert that because the HOA did not have authority to regulate the alterations she made to her property, she is entitled to attorney fees incurred in defending against the HOA's claims, which, she alleges, were based on its wrongful enforcement of the CC&Rs. She also argues that she suffered other damages due to the HOA's wrongful enforcement of the CC&Rs--namely, the HOA's wrongful filing of a lis pendens on her property, which prevented her from selling her property at value and forced her into bankruptcy and foreclosure. Stewart therefore requests that this court reverse the district court's legal interpretation of the CC&Rs so as to permit an award of her attorney fees. She further

indicates that she may thereafter file an "action for wrongful proceedings as [she] deems appropriate."

¶11 In making these arguments, Stewart generally asserts that the district court's dismissal of the case was improper, but she does not address the court's specific basis for that dismissal, i.e., the district court's determination that the HOA's claims were mooted by the sale of the property, which makes any further decision on the HOA's enforcement of the CC&Rs equivalent to an improper "advisory opinion."[1] Although Stewart contends on appeal, as she did in the district court, that she has been harmed economically as a result of the HOA's filing of this lawsuit and the associated lis pendens, she concedes, as she did in the district court, that she never pleaded any cause of action addressed to such damages. Under Utah's pleading requirements, "claims must . . . be restricted to the grounds set forth in the complaint." *Holmes Dev., LLC v. Cook*, 2002 UT 38, ¶ 31, 48 P.3d 895; *see also* Utah R. Civ. P. 8 ("A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[] and . . . a demand for judgment for the relief to which he deems himself entitled.").[2] And Stewart's assertion of her unpleaded claims in briefing and argument before the district court and on appeal cannot remedy the failure to include them in an appropriate pleading. *See Asael Farr & Sons Co. v. Truck Ins. Exch.*, 2008 UT App 315, ¶ 19, 193 P.3d 650 (explaining that a claimant "'cannot amend the complaint by raising novel claims or theories for recovery [by] memorandum . . . because such amendment fails to satisfy Utah's pleading requirements'" (quoting *Holmes*, 2002 UT 38, ¶ 31)). Ultimately, Stewart reasserts on appeal that the district court should have corrected its legal interpretation of the CC&Rs because a ruling in her favor would possibly entitle her to attorney fees, but she does

---

[1]Because Stewart conceded that she no longer had standing to assert her counterclaims, we construe her challenge of the district court's dismissal as being directed at its dismissal of the HOA's claims. Such a construction on appeal appears to be appropriate given that Stewart's argument is focused on the HOA's misapplication and wrongful enforcement of the CC&Rs, which is an argument she raised in response to the HOA's claims.

[2]Rule 8 of the Utah Rules of Civil Procedure was recently amended, but the amended version only applies to cases filed on or after November 1, 2011. *See* Utah R. Civ. P. 8 amend. notes.

not provide any legal authority or analysis to explain how the district court could appropriately take such action in light of its decision that the underlying issue had been mooted. As a result, we have no basis to disturb the district court's decision.

¶12    Accordingly, we affirm.

_____
Stephen L. Roth, Judge

                              -----

¶13    WE CONCUR:

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

_____
William A. Thorne Jr., Judge