2014 UT App 30

**UTAH DEPARTMENT OF TRANSPORTATION, Plaintiff and Appellee,**

v.

**WALKER DEVELOPMENT PARTNERSHIP, Defendant and Appellant.**

**No. 20120581–CA.**

Court of Appeals of Utah.

Feb. 6, 2014.

Scott M. Lilja and Nicole M. Deforge, Salt Lake City, for Appellant.

Sean D. Reyes, Brent A. Burnett, and Kevin M. McDonough, Salt Lake City, for Appellee.

Judge J. FREDERIC VOROS JR. authored this Opinion, in which Judges GREGORY K. ORME and STEPHEN L. ROTH concurred.

## Opinion

VOROS, Judge:

¶1 In 1992, the Utah Department of Transportation (UDOT) condemned property belonging to Walker Development Partnership. After nearly twenty years of litigation between UDOT and Walker, UDOT moved to exclude evidence that it took property not identified in the 1992 Condemnation Resolution. The district court granted UDOT's motion to exclude. We affirm.

## BACKGROUND

¶2 Wasatch Boulevard traces the foot of the Wasatch Mountains on the eastern edge of Salt Lake City. It stretches just over ten miles from Parley's Canyon, where Interstate 80 drops into the Salt Lake Valley, to Big and Little Cottonwood Canyons, which provide access to several of Utah's largest ski resorts. One segment of Wasatch Boulevard leads from Interstate 215, a belt route encircling Salt Lake City, to the mouth of Big Cottonwood Canyon. That segment is the subject of the dispute between UDOT and Walker.

¶3 In the late 1980s, UDOT developed a plan to widen Wasatch Boulevard from two lanes to four. In 1992, UDOT filed a con-

demnation action. In the complaint, UDOT stated that it sought "to acquire by this proceeding" all of Walker's property "described and set forth" in the Condemnation Resolution, which the complaint quoted in full. The complaint asked the district court to "determine and adjudicate the amount to be paid ... as just compensation."

¶ 4 In its answer, Walker asserted that the Condemnation Resolution amounted to a government taking without due process or proper compensation. However, Walker did not challenge the Condemnation Resolution's description of the condemned property.

¶ 5 After UDOT filed its complaint, the progress of this case slowed. In 1994, in response to a motion by Walker, the district court fixed the valuation date for the condemned property at July 10, 1992. In 1995, the court denied Walker summary judgment on its gravel-removal counterclaim. Discovery remained open until December 2011, and the district court postponed a jury trial once scheduled for November 2012 to await the resolution of this appeal.

¶ 6 UDOT's motion to exclude evidence, at issue here, targets information provided by one of Walker's experts. In January 2011, Walker received a letter from its appraiser, Troy Lunt. Lunt's letter explained the relationship between the pre-expansion right-of-way and the value of the Walker parcels UDOT described in the Condemnation Resolution:

> There is reportedly some dispute as to the width of the Wasatch [Boulevard] right of way in the before condition. [Walker] contends that the right of way was never formally conveyed[,] meaning that the right of way has potentially been established only by use. If such is the case, the right of way, according to my understanding of the state statute, would be limited to that area necessary to safe use of the roadway. Based on [outside evaluation], roadway width including shoulders is estimated at 50 feet.... The difference [in area between the UDOT estimate and the outside estimate] is 366,841 square feet or 8.42 acres. If indeed this additional acreage was not existing right of way in the

before condition, compensation to the property owner may be appropriate.

Lunt estimated the disputed 8.42 acres to be worth $757,800.

¶ 7 In November 2011, after receiving a copy of Lunt's letter, UDOT filed a "Motion in Limine Re: Increased Taking" asking the court to enter an order preventing Walker from "presenting evidence or making a claim that UDOT took property belonging to Walker ... encompassing an area larger than that set forth in the Condemnation Resolution underlying this lawsuit." UDOT attached a copy of Lunt's January 2011 letter to that motion. UDOT argued that the pre-expansion right-of-way issue discussed in Lunt's letter "has no relevance to the value of the property being condemned." If Walker sought compensation for the pre-expansion right-of-way crossing its property, UDOT asserted, the proper procedure was to file a separate claim "premised upon a theory of trespass or taking by inverse condemnation."

¶ 8 Walker's response to UDOT's motion in limine argued that the scope of the pre-expansion right-of-way became an issue as soon as the parties filed their first pleadings. Walker asserted that the pre-expansion right-of-way issue "is directly related to, and inextricably connected with, the issue of just compensation." Walker reasoned that the district court could not "possibly determine just compensation for the property taken by UDOT ... without first determining what property UDOT actually took" and could not "possibly determine what property UDOT took without first determining the extent of any prescriptive roadway over [Walker's] property."

¶ 9 The district court granted UDOT's motion in limine in June 2012. The district court's order did not state its reasons for granting the motion. The effect of the order, however, was clear: it prevented Walker from "presenting evidence or making a claim that UDOT took property belonging to Walker ... encompassing an area larger than that set forth in the Condemnation Resolution underlying this lawsuit."

¶ 10 Shortly thereafter, Walker moved for leave from the district court to amend its 1992 answer to include counterclaims related

to the pre-expansion right-of-way. Walker also filed a petition for interlocutory appeal of the court's June 2012 order. This court ordered that Walker's petition to appeal be deferred pending the district court's resolution of Walker's motion to amend its 1992 answer. In October 2012, the district court denied Walker's motion to amend and we granted Walker's motion for interlocutory appeal.

## ISSUE AND STANDARD OF REVIEW

¶ 11 Walker contends that the district court erred in granting UDOT's motion to exclude, because determining the scope of the pre-expansion right-of-way is a necessary step in determining the value of the condemned property. Generally, "[i]n reviewing the exclusion of evidence, we grant a trial court broad discretion to admit or exclude evidence and will disturb its ruling only for abuse of discretion." *Ferguson v. Williams & Hunt, Inc.*, 2009 UT 49, ¶ 43, 221 P.3d 205 (citation and internal quotation marks omitted). But when a district court's decision on a motion to exclude is based wholly on a legal conclusion, "the proper standard of review is a correctness standard" and we therefore "afford the [district] court's conclusions no deference." *Ford v. American Express Fin. Advisors, Inc.*, 2004 UT 70, ¶¶ 33–34, 98 P.3d 15.

## ANALYSIS

¶ 12 The gist of Walker's claim as we understand it is that UDOT took more property than it condemned and that it did so in two ways.

¶ 13 First, Walker contends, UDOT took property that the parties agree lies outside the property description in the Condemnation Resolution—specifically, the strip of property subject to the pre-expansion right-of-way. Without a judicial determination that Wasatch Boulevard had been dedicated and abandoned before 1992, "Walker is presumed to be the owner of the land under the claimed right-of-way." In Walker's view, UDOT has a choice: it must prove that Wasatch Boulevard had been dedicated and abandoned by judicial determination or "pay Walker for all of the land underlying the claimed right-of-way." It must, simply put, either prove that it owns that strip or pay for it.

¶ 14 Second, Walker contends that even if UDOT already controlled the pre-expansion right-of-way, that right-of-way is narrower than the property description in the Condemnation Resolution assumes that it is. The result, according to Walker, is that the property description in the Condemnation Resolution encompasses more acreage than UDOT acknowledges.

¶ 15 UDOT responds that the taking of property not described in the Condemnation Resolution or the pleadings "is simply not relevant to the issues before the Court." UDOT argues that if it took additional property, that taking constituted "a separate and unrelated wrongful act." Thus, while Walker's claim that UDOT took more property than it condemned might be the substance of a trespass or inverse condemnation claim, Walker failed to bring those claims in its answer and the statute of limitations on an inverse condemnation claim has now run.

¶ 16 Article I, section 22 of the Utah Constitution states, "Private property shall not be taken or damaged for public use without just compensation." "[W]hen the requirement of 'just compensation' is triggered, the landowner is entitled to compensation to the extent of the damages suffered"—that is, "the owners must be in as good a position money wise as they would have occupied had their property not been taken." *Utah Dep't of Transp. v. Admiral Beverage Corp.*, 2011 UT 62, ¶ 20, 275 P.3d 208 (citations and internal quotation marks omitted).

¶ 17 Eminent domain may be exercised for the purpose of establishing "roads, streets, and alleys." Utah Code Ann. § 78–34–1(3) (Michie 1992). An eminent domain complaint must contain "a description of each piece of land sought to be taken" and must indicate whether the land sought "includes the whole or only part of an entire parcel or tract." *Id.* § 78–34–6(5). Our supreme court elaborated on this statutory requirement:

The petition [exercising eminent domain] must contain an accurate description of the land sought to be taken, so that the extent of the claim will appear on the record. In the absence of an opportunity to amend the petition, failure in this respect will invalidate the proceeding.... [T]he land must be so exactly described as to be understood by an ordinary person who has no engineering knowledge.

*Ash v. State*, 572 P.2d 1374, 1377 (Utah 1977) (quoting 6 *Nichols on Eminent Domain* § 26.112, at 26–48.1 to 26–57 (3d ed.1950)).

¶ 18 Furthermore, "[i]f private property is taken or damaged for public use absent formal use of Utah's eminent domain power, a 'property owner may bring an inverse condemnation action under article I, section 22 to recover the value of the property.'" *Gardner v. Board of County Comm'rs*, 2008 UT 6, ¶ 28, 178 P.3d 893 (quoting *Farmers New World Life Ins. Co. v. Bountiful City*, 803 P.2d 1241, 1243 (Utah 1990)). However, "where a direct condemnation action has been filed, an inverse condemnation claim will not be ripe until the direct condemnation action has ended because, as long as the direct condemnation action is active, there is a very real possibility that the landowner will receive just compensation from the government." *Wintergreen Group, LC v. Utah Dep't of Transp.*, 2007 UT 75, ¶ 10, 171 P.3d 418.

¶ 19 Utah's Rights–of–Way Act creates an exception to the government's obligation to provide compensation when taking private property. The act "allows property to be transferred from private to public use without compensation" if the property has been "dedicated and abandoned to the use of the public." *Wasatch County v. Okelberry*, 2008 UT 10, ¶ 9, 179 P.3d 768 (citation and internal quotation marks omitted). A highway is "dedicated and abandoned to the use of the public when it has been continuously used as a public thoroughfare for a period of ten years." Utah Code Ann. § 27–12–89 (Michie 1989) (current version at Utah Code Ann. § 72–5–104(1)(a) (LexisNexis Supp. 2013)). Dedication creates a public right-of-way. *Mason v. State*, 656 P.2d 465, 471 (Utah 1982). The width of that right-of-way "is determined according to what is reasonable and necessary under all the facts and circumstances." *Memmott v. Anderson*, 642 P.2d 750, 754 (Utah 1982). "[T]he burden of establishing public use for the required period of time is on those claiming it." *Bonner v. Sudbury*, 18 Utah 2d 140, 417 P.2d 646, 648 (1966); *see also Okelberry*, 2008 UT 10, ¶ 9, 179 P.3d 768 (same).[1]

¶ 20 Here, Walker contends that UDOT must prove in this proceeding that the current Wasatch Boulevard has already been dedicated and abandoned to public use. UDOT responds that Walker is asserting this claim too late.

¶ 21 Utah's pleading requirements do not allow a party to amend its pleadings by raising "novel claims or theories for recovery" in later stages of the litigation. *See Holmes Dev., LLC v. Cook*, 2002 UT 38, ¶ 31, 48 P.3d 895 (citing Utah R. Civ. P. 7–10). The "assertion of ... unpleaded claims in briefing and argument before the district court and on appeal cannot remedy the failure to include them in an appropriate pleading." *Barton Woods Homeowners Ass'n, Inc. v. Stewart*, 2012 UT App 129, ¶ 11, 278 P.3d 615; *see also Asael Farr & Sons Co. v. Truck Ins. Exch.*, 2008 UT App 315, ¶ 19, 193 P.3d 650.

¶ 22 UDOT's 1992 complaint announced UDOT's intention to acquire the Walker property described in the Condemnation Resolution and asked the district court to "determine and adjudicate the amount to be paid therefor as just compensation." In

---

1. After the condemnation at issue here, our legislature codified these common-law principles of abandonment and public dedication. *See* Road on Public Lands Act, ch. 324, § 7, 2000 Utah Laws 1403, 1405 (codified at Utah Code Ann. § 72–5–104(2), (3) (LexisNexis Supp.2000)) (stating that "dedication and abandonment creates a right-of-way held by the state" and that "[t]he scope of the right-of-way is that which is reasonable and necessary to ensure safe travel according to the facts and circumstances") (current version at Utah Code Ann. § 72–5–104(7), (8) (LexisNexis 2012)); Dedication and Abandonment of Public Highways Act, ch. 341, § 1, 2011 Utah Laws 2010, 2010 (codified at Utah Code Ann. § 72–5–104(6)(a) (LexisNexis Supp.2011)) ("The burden of proving dedication ... is on the party asserting the dedication.").

its answer, Walker asserted three defenses. But Walker did not assert, as either a defense or a counterclaim, that Wasatch Boulevard had never been dedicated and was thus being condemned in the present proceeding. In fact, Walker raised the Rights–of–Way Act for the first time in its 2011 memorandum opposing UDOT's motion to exclude evidence. Nor did Walker assert in its answer that the property description in the Condemnation Resolution exaggerated the width of the pre-expansion right-of-way.

¶ 23 Utah's pleading requirements do not permit Walker to raise these defenses for the first time in a memorandum opposing UDOT's motion to exclude evidence filed nearly twenty years after its answer. *See Holmes*, 2002 UT 38, ¶ 31, 48 P.3d 895.[2] Accordingly, Walker is not entitled to compensation in this proceeding for the alleged taking of property not described in the Condemnation Resolution. We therefore affirm the district court's order granting UDOT's motion to exclude evidence.

¶ 24 Furthermore, we agree with UDOT that Walker is entitled to compensation in this proceeding only for the property UDOT condemned as described in the Condemnation Resolution, including its estimate of the width of the pre-expansion right-of-way. If, as Walker contends, UDOT took more property than it condemned, that act may support (or have supported) a cause of action against UDOT for that uncompensated taking.[3] But because no such cause of action has been pleaded, we express no opinion as to its merits or the merits of any defenses that UDOT might assert, such as the running of the statute of limitations. *See Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Lindberg*, 2010 UT 51, ¶ 40, 238

P.3d 1054 (explaining the ripeness doctrine, which "serves to prevent courts from issuing advisory opinions on issues that are not ripe for adjudication" (citation and internal quotation marks omitted)); *Velasquez v. Harman–Mont & Theda, Inc.*, 2014 UT App 6, ¶¶ 18–21 ("[A]lthough we have authority to provide guidance to the district court on remand, that authority does not confer upon us the discretion to render advisory opinions on matters that might never arise." (footnote omitted) (citation omitted)).

## CONCLUSION

¶ 25 In its 1992 answer, Walker did not argue that the pre-expansion right-of-way had never been dedicated and abandoned. Utah's pleading requirements do not allow Walker to raise that theory for the first time in a memorandum opposing a motion to exclude evidence. We therefore affirm the district court's exclusion of evidence that UDOT took additional Walker property not described in the Condemnation Resolution.

---

2. The Utah Rules of Civil Procedure do allow parties to amend their pleadings to add omitted claims or to conform their existing claims to the evidence if the court grants leave for them to do so. *See* Utah R. Civ. P. 13(e), 15(b). After the district court granted UDOT's motion to exclude, Walker moved for leave to amend its answer and its counterclaim. The district court denied Walker's motion to amend, and that denial is not before us on appeal.

3. For example, Walker may argue that in describing Parcel No. 068:8:2A, UDOT asserted

that it took only 0.181 of the plot's 4.055 acres, "more or less." In an inverse condemnation claim, Walker may contend that the pre-expansion right-of-way was much narrower than the 1992 Condemnation Resolution indicates and that therefore UDOT took significantly more than the 0.181 acres of Parcel No. 068:8:2A UDOT asserted. But like the district court, we give priority to the description contained in the Condemnation Resolution—UDOT meant to take only the 0.181 acres of Parcel 068:8:2A that it described.